## BALTIMORE COUNTRY CLUB v. UNITED STATES.

### No. 5292.

District Court, D. Maryland.

July 10, 1934.

William L. All and Harry C. Lamberton, both of Baltimore, Md., for plaintiff.

G. Randolph Aiken, Asst. U. S. Atty., of Baltimore, Md.

WILLIAM C. COLEMAN, District Judge.

This is a suit for the refund of taxes. The sole question presented for determination in the present proceeding is whether the charges fixed by a regulation of the plaintiff club, approved by its Board of Governors on September 29, 1926, which reads as follows, are taxable under the Revenue Act of February 26, 1926, § 501, as amended by the Act of May 29, 1928, § 413 (a), U. S. Code, tit. 26, § 872 (26 USCA § 872): "Upon recommendation of the Golf·Committee, the golf fees were revised, and effective September 1, 1926, were made as follows: for members the daily fees shall be $2.00. The seasonal fee from September 1st, 1926, or any subsequent dates, to May 1st, 1927 to be $15.00. From May 1, 1927, the annual fee shall be $30.00, which may be paid in the following manner: A member may sign for the entire amount of $30, or may sign two checks of $15 each, one to be included in his account for the month in which the fee is signed and the balance of $15 to be charged during the month of November following, or earlier, in case of resignation." This regulation was subsequently enlarged so as to permit a member to have charged to his house account $5 each month for six consecutive months.

This question appears never to have been decided, at least in the reported cases to which my attention has been called; the decision which is most apposite being that of Weld v. Nichols, 9 F.(2d) 977, rendered by District Judge Morton for the District Court of Massachusetts, in 1925. There it was held that similar fees paid by members for the privilege of playing golf were not taxable under the 1924 Revenue Act. The gist of that decision is clearly stated in the following quotation from Judge Morton's opinion [page 977 of 9 F.(2d)]: "The words 'dues or membership fees,' in clause (a), were meant to cover only fixed and definite charges applicable to all members of each particular class of membership. This seems to me to be the underlying intention of the section."

I believe that this opinion of Judge Morton is sound on the law as it then stood, but we must consider the further question whether subsection (d) of the act as later amended alters the situation. It is unnecessary to quote other than subsection (d) of the amendment because the main provisions relating to dues and membership fees are substantially the same as they were in the earlier act, except that the minimum amounts of dues and membership and initiation fees, upon which the tax shall be assessed, were increased. Subsection (d) reads as follows: "As used in this section, the term 'dues' in-

cludes any assessment irrespective of the purpose for which made; and the term 'initiation fees', includes any payment, contribution, or loan required as a condition precedent to membership, whether or not any such payment, contribution, or loan is evidenced by a certificate of interest or indebtedness or share of stock, and irrespective of the person or organization to whom paid, contributed, or loaned." Revenue Act 1926, § 501 (d), as amended (26 USCA § 872 (d).

At first blush it is reasonable to contend that since the term "dues" is expressly declared to include any assessment irrespective of the purpose for which made, such phrase is broad enough to include the charges here under consideration, because they are, generally speaking, assessments, just as any charge for any privilege of any kind in the club might be called an assessment. However, I am not disposed to adopt this broad view, but to read the word "assessment" in the light of the construction which I think must be placed upon the phrase "dues or membership fees," as that phrase is used in the act, because subsection (d) does not say that any assessment, irrespective of the purpose ,for which made, shall be taxed, and thus we are restricted to substantially the same construction that Judge Morton placed upon "dues or membership fees" in Weld v. Nichols, supra, namely, that "assessment" is meant to cover only fees or definite charges applicable to all members of any particular class. Tested by this rule, I am forced to the conclusion that the present fees are not taxable, because they are not based upon membership. They are not assessed upon any group or class of members because of membership. They are not required of any member unless he desires to play golf.

The government relies largely upon the case of Foran v. McLaughlin, 59 F.(2d) 158 (certiorari denied 287 U. S. 637, 53 S. Ct. 87, 77 L. Ed. 552), a decision of the Court of Appeals of the Ninth Circuit, construing the Revenue Act of 1921. But that case is clearly distinguishable, because there the court was dealing with monthly green fees paid by every one of a special class of club members, which represented recurring contractual obligations extending over an indefinite period of time, that is, as long as the members of that class held their membership, and the court, I think properly, held that such green fees were taxable.

The case of Garden City Golf Club v. Corwin (C. C. A.) 62 F.(2d) 246, is clearly distinguishable on its facts.

Of course, it is true, as argued by the government in the present case, that the question is not to be determined merely by the method employed in incurring the obligation, or in collecting the charges, which, in the present case, is as follows: The charges are not sent out to the members as are their regular dues or initiation fees on formal bills, but are charged to their house account. But the fact remains—and this seems to be controlling—that they are not charges, no matter by what name we might call them, which are actually assessable against all members of any class. They are only assessable against those members who elect to play golf. It is not without significance that the government, as has been stipulated in the present case, does not attempt to assess taxes on these fees if paid by the day, but merely when they are paid on an annual basis, either in installments or in one lump sum. While, again, the practice, whether it be of the club or of the assessing body, is not controlling, nevertheless what the government has done in the present case does indicate that, in actual practice, these charges are not treated as charges against members as a class.

I am not unmindful of the argument which has been raised that the construction which I now place upon the act may render it more susceptible to evasion. That is to say, a club may resort to a method of high assessments through fees of this kind, and by correspondingly reducing its regular membership dues or fees, thereby seek to evade taxes which it would otherwise have to pay. In answer, I can only say that if such conditions do arise, it will be the duty of the taxing authorities and of the courts to look through form to substance.

The government apparently seeks to bridge over the distinction between the facts in the Foran v. McLaughlin Case, supra, and those in the present case by saying that, whereas the constitution and by-laws of the plaintiff club do not provide a particular class of membership designated as a golf membership, all of whom might then be required to pay the dues or fees now in controversy, nevertheless the by-laws provide for a golf committee and prescribe charges to be paid by members playing the game. It is further argued that, presumably, a large number of members are connected with the club for the primary purpose of playing golf, and are recognized as golf members, although not specifically designated as such. For the reasons which have already been given, I think it is unnecessary to say more than that these arguments are not convincing.

Finally, therefore, I rest my opinion upon the reasoning of the case of Weld v. Nichols, already analyzed, and conclude that, although that decision construed an earlier act which did not embrace as broad provisions as does the act here in controversy, nevertheless the broader provisions seem to me not to have changed the fundamental purpose or definition of "dues" and "membership fees." That being true, I find that the taxes here in controversy are not properly assessable and that judgment must be for the plaintiff for $629.50, with interest as provided in U. S. Code, tit. 26, § 2614 (26 USCA § 2614).