## WILLIAMSON v. UNITED STATES.

District Court, W. D. North Carolina.
Nov. 5, 1934.

David J. Craig, Jr., of Charlotte, N. C., for plaintiff.

W. R. Francis, Asst. U. S. Atty., of Waynesville, N. C.

WEBB, District Judge.

Upon the following agreed statement of facts I am called upon to decide whether or not the sums paid by the plaintiff to the Charlotte Country Club for the use of the golf course during the years 1929, 1930, 1931, and 1932 are such "dues or membership fees" as are taxable under section 413 (a) of the Revenue Act of 1928 (26 USCA § 950 et seq.).

"Agreed Statement of Facts

"I. The plaintiff is, and was at the times mentioned in the complaint, a resident of Charlotte, North Carolina, said district, and a resident member of the Charlotte Country Club, a corporation duly organized under the laws of the state of North Carolina for the purpose of the encourgament of athletic exercises and the promotion of indoor games and social meetings and having a Club House and extensive grounds, including an eighteen-hole golf course and several tennis courts, near the city of Charlotte.

"II. The Charlotte Country Club is, and was at the times mentioned in the complaint, conducted under a constitution and

by-laws under which the following dues and fees were charged:

Initiation fee (Formerly $300).. $500.00
Resident members, per annum, payable quarterly in advance, including tax,................ 100.00
Minister Members, per annum, payable semi-annually in advance ...................... 50.00
Temporary resident members, per month, in advance,........ .... 15.00
Non-resident members, per annum, payable semi-annually in advance, .................... 18.00
House members, per annum, payable quarterly in advance,..... 30.00
Lady members, with dependents, per annum, payable semi-annually in advance,........... 30.00
(All lady members formerly paid $18.00 per annum)
Lady members, without dependents, per annum, payable semi-annually in advance.......... 20.00
Student members, per annum, payable in advance,............. 10.00

III. At the times mentioned in the complaint charges were, and now are, made for the use of the golf course, tennis courts, lockers, and use of the Club House for private entertainments, etc. Resident members might pay these charges, or any of them, and enjoy the use of the facilities, or not, as they desired. These charges were as follows:

"For use of the golf course by male members, January 1st to July 1st, $15.00;

"From July 1st to January 1st, $15.00.

"(This also includes tennis privileges)

"For use of the golf course by lady members, January 1st to July 1st, $6.00;

"From July 1st to January 1st, $6.00.

"(This also includes tennis privileges)

"For use of the golf course by a dependent, January 1st to July 1st, $6.00;

"July 1st to January 1st, $6.00.

"(This includes tennis privileges also)

"For use of the golf course by a visitor accompanying a member, $2.00 per day.

"For use of tennis courts from January 1st to July 1st, $6.00;

"From July 1st to January 1st, $6.00.

"For use of locker, per annum, $8.00.

"For use of entire Club House for evening entertainment, $50.00.

"A member might pay for and obtain any or all of these privileges for the period January 1st to July 1st, or from July 1st to January 1st, for both periods, or for neither, in any year. The fact that a member paid for and enjoyed any or all of said privileges for one or a number of periods did not, and does not, in any way obligate him to continue such payment or payments, nor did it, nor does it, change his position in the event that at a subsequent period such member should desire to continue to pay for and enjoy the same and/or additional privileges.

"IV. In January (or thereabout), 1929, the plaintiff paid into the treasury of the Charlotte Country Club $15.00 for use of the golf course from January 1st to July 1st, for himself, and $6.00 for use of the golf course for one dependent for the same period. On July 1st, or thereabout, he paid $15.00 for the use of the golf course from July 1st to January 1st, for himself, and $6.00 for use of the golf course for one dependent. On January 1st, 1930, the plaintiff paid $15.00 for use of the golf course from January 1st to July 1st, for himself, and $6.00 for one dependent. On July 1st, or thereabout, the plaintiff paid $15.00 for use of the golf course from July 1st to January 1st, for himself, and $6.00 for use of the golf course for one dependent, for the same period. In January, 1931, the plaintiff paid $15.00 for use of the golf course from January 1st to July 1st, for himself, and in July, 1931, the plaintiff paid $15.00 for use of the golf course from July 1st to January 1st, for himself, and $6.00 for use of the golf course for one dependent, for the same period. In January, 1932, plaintiff paid $15.00 for use of the golf course from January 1st to July 1st, for himself, and $12.00 for use of the golf course for two dependents for the same period.

"V. The plaintiff, as Treasurer of the Charlotte Country Club, was notified in July, 1931, of a proposed assessment against the Charlotte Country Club of approximately $3,618.32, for taxes on money paid to the Club for golf, tennis and locker privileges for the years 1928 through 1931, which the officials of the Revenue Department claimed to be due under section 413 of the Revenue Act of 1928. The plaintiff, with the aid of an experienced accountant, strenuously protested said assessment by correspondence and conferences with the proper officials of the Revenue Department until informed definitely that the only remedy would be in the

courts, and that the Department would not allow such protest, but would insist upon the assessment. The plaintiff then being notified by officials of the Department of Internal Revenue that an assessment would be levied against him, individually, unless he paid the Department of Revenue $14.70, representing 10% tax upon moneys paid by him for golf privileges, as set out in paragraph IV, did pay the $14.70, under protest, to the Department of Revenue on or about the 7th day of February, 1933.

"VI. That on or about May 11th, 1933, this plaintiff filed with Gilliam Grissom, Collector of Internal Revenue, a formal claim in proper form, as required by the Department of Internal Revenue, for refund of $14.70 paid by this plaintiff to Gilliam Grissom, Collector of Internal Revenue, as herein set out.

"VII. On or about March 14, 1934, the plaintiff was notified by letter from Adelbert Christy, Acting Deputy Commissioner of Internal Revenue, that the claim for refund amounting to $14.70 was denied and would not be paid for the reason (quoting the letter from Mr. Christy) 'It is held that the semi-annual fixed and definite amounts required by the Club to be paid for the privilege of playing golf and tennis, are subject to tax as dues or membership fees, within the meaning of section 413 of the Revenue Act of 1928.'

"VIII. No part of the said $14.70 has been paid to or refunded to plaintiff."

It will be seen from the foregoing statement of facts that the plaintiff was a regular resident member of the Charlotte Country Club during the years in question, and that he had paid an initiation fee of $300 and each year, in common with all other resident members, paid annual dues to the club in the sum of $100. Upon these sums a tax has been regularly paid, and there is no controversy about such tax. These annual dues entitled the plaintiff, together with all others in similar situation, to enjoy the facilities of the clubhouse, as well as entertainments given by the club, etc., and gave him also the right to purchase at his option such special privileges, including the use of the golf course and the tennis courts. As to the rules of the club in regard to these privileges, we find the following in the agreed statement of facts, to wit:

"A member might pay for and obtain any or all of these privileges for the period January 1st to July 1st, or from July 1st to January 1st, for both periods, or for neither, in any year. The fact that a member paid for and enjoyed any or all of said privileges for one or a number of periods did not, and does not, in any way obligate him to continue such payment or payments, nor did it, nor does it, change his position in the event that at a subsequent period such member should desire to continue to pay for and enjoy the same and/or additional privileges." .

It will be seen that from the beginning of 1929 through the first half of 1932 the plaintiff paid to the country club, for the use of the golf course, $15 for each six-month period. During these months he also paid an additional $6 for the use of the golf course for the six-month periods by his wife and his dependent sister. On the total amount of $147 paid by the plaintiff during this period of years for the use of the golf course, the plaintiff paid the Department of Internal Revenue a tax of 10 per cent., or $14.70, for which claim for refund has been duly made and refused.

Now the sole question for me to decide is whether or not this $147 was taxable under section 413 (a) of the Revenue Act of 1928. (26 USCA § 950 et seq.).

I am of the opinion that this amount of $147 is not taxable under section 413 (a) of the Revenue Act (26 USCA § 950 et seq.). Subdivision (a) (1), 26 USCA § 950, of said act provides that this 10 per centum tax shall be collected on all "dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $25 per year." I think it is clear that that section covers the annual membership fee of $100, which has been regularly paid by the plaintiff to the country club, and the tax is being regularly paid also because those dues or membership fees are assessed by the club and must be paid in order to retain membership in the club, and, being over $25, as a matter of specific law subjects this $100 a year annual dues to the 10 per centum tax.

Subdivision (d) of the act in question (26 USCA § 952) provides that "the term 'dues' includes any assessment irrespective of the purpose for which made."

It will be noted that the golf fees paid by the plaintiff and other members of the club are not "dues" or "assessments," but are paid only as a charge for the privilege

of using the golf course, and at the option of the member. It is not necessary for him to play golf in order to be a member of the Charlotte Country Club, but, after he has become a member of the country club by paying his initiation fee and annual dues, then he has the privilege of renting the golf course by the day or by the six months or by the year, and whether he pays anything for the use of the golf course depends upon his own volition, and what he does pay as a rental or fee for playing golf cannot, in my opinion, be regarded as "an assessment" or "dues." What the member actually does is to pay greens fees, and he can pay these fees and play golf either six months of the year or twelve months in the year, or not play at all.

Counsel for the plaintiff well puts the case in the following language: "If, as has never been questioned, the phrase means the same in all subsections, Congress must have intended to mean those fixed, definite, recurring dues or fees paid by all members alike. Since the regular members paid varying amounts of greens fees, it would be impossible to determine whether initiation fees were taxable under subsection (2) of subsection (a), if these greens fees were included in the phrase 'dues or membership fees'. Likewise, there might be as many bases for determining the tax to be paid by life members under subsection (c) as there were regular members paying greens fees. Hence it seems clear that Congress did not intend 'dues or membership fees' to cover such charges as the greens fees paid in this case."

So far as I have been able to ascertain from search of the law books, the first case in point on this question is that of Baltimore Country Club v. United States (D. C.) 7 F. Supp. 607, decided July 10, 1934, by Judge Coleman. In that case a man who desired to play golf did so by paying a greens fee of $2 or a season fee of $30 annually. In holding that this $30 annual fee was not subject to taxation under section 413 of the Revenue Act, Judge Coleman said, in part: "This question appears never to have been decided, at least in the reported cases to which my attention has been called; the decision which is most apposite being that of Weld v. Nichols [D. C.] 9 F.(2d) 977, rendered by District Judge Morton for the District

Court of Massachusetts, in 1925. There it was held that similar fees paid by members for the privilege of playing golf were not taxable under the 1924 Revenue Act. The gist of that decision is clearly stated in the following quotation from Judge Morton's opinion (page 977 of 9 F.(2d): 'The words "dues or membership fees," in clause (a) [26 USCA § 872 note], were meant to cover only fixed and definite charges applicable to all members of each particular class of membership. This seems to me to be the underlying intention of the section.' "

The case of Foran v. McLaughlin (C. C. A.) 59 F.(2d) 158, relied upon by the government, does not seem to be on all fours with the case at bar, because there a special class A membership had been created and all members of "Class A" were required to pay a monthly greens fee of $4 as long as they remained class A members, whether they desired to play golf or not. I think it will be seen that this assessment at $4 a month on all class A members was an incident to membership and must be paid as an assessment by each member in class A. This member must pay this $4 a month greens fee, whether he plays golf or not, and it therefore became an arbitrary assessment, and of course became subject to the 10 per cent. tax levied in section 413 (a) of the Revenue Act in question. As was said by counsel for the plaintiff, "it was a fixed and recurring obligation incident to membership and automatically arising out of it."

The difference between that case and the one at bar is obvious. In the case at bar the member was not "assessed" for playing golf. If he does play, he must pay greens fees charged for the privilege of using the golf course. If he does not play golf, he pays no charges or fees. Further, in the Foran Case, golf fees were annually "assessed" and the member must pay them just as he pays his membership fees.

For the reasons set forth, I am of the opinion that the plaintiff was not and is not subject to the tax levied by section 413 (a) of the Revenue Act of 1928, and it is, so ordered, and the plaintiff is entitled to recover from the defendant the sum sued for, to wit, $14.70, and it is so adjudged.