**CHICAGO ENGINEERS' CLUB v. UNITED STATES.**

No. 42044.

Court of Claims.
Feb. 4, 1935.

682

Herman T. Reiling, of Chicago, Ill. (KixMiller, Baar & Hoffman, of Chicago, Ill., on the brief), for plaintiff.

Fred K. Dyar, of Washington, D. C., and Frank J. Wideman, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WILLIAMS, Judge.

The plaintiff seeks to recover the sum of $14,437.33, with interest thereon; the principal sum being the amount of taxes paid on dues and initiation fees paid by plaintiff under section 501 of the Revenue Act of 1926 (26 USCA § 872 note), and section 413 of the Revenue Act of 1928 (26 USCA § 872 and note). The period involved is from May 15, 1926, to April 25, 1930.

The plaintiff duly filed its claim for refund on the amount of the tax so paid, giving as a ground therefor that it was not a "social, sporting, or athletic club or organization" within the meaning of the statutes before mentioned. The claim for refund was disallowed by the Commissioner of Internal Revenue. The suit has been timely brought, and the sole issue is whether the plaintiff club falls within the definition of a "social, sporting, or athletic club or organization."

The applicable statutes (section 501 of the 1926 act, and section 413 of the 1928 act) and Treasury Regulations 43, articles 35 and 36, have been considered by this and other courts in many cases. While there is an apparent conflict in the earlier decisions as to what constitutes a social club within the meaning of the statutes that cannot be reconciled, the rule seems now well settled that, if the predominant purpose of an organization is not social and its social activities are merely incidental to the furtherance of its different and predominating purpose, the organization is not a social club within the meaning of the taxing acts. If, on the contrary, the social features of an organization are a material part of its activities and necessary to its existence, and are not merely incidental to its predominant nonsocial purpose, it is regarded as a social club within the meaning of the revenue laws. Army & Navy Club of America v. United States, 53 F.(2d) 277, 72 Ct. Cl. 684.

Accepting the rule announced in the Army & Navy Club of America Case, supra, and in numerous other decisions, not necessary to cite here, as the correct interpretation of the applicable statutes and regulations, the issue presented becomes essentially one of fact. Conceding that the predominant purpose of the plaintiff was "to promote the interests of the engineering profession in all its branches; to secure and disseminate engineering knowledge, and to promote sociability and acquaintance among the members of the engineering profession," as set forth in its articles of incorporation, and that its principal activity during the period involved was the serving of daily luncheons to its members as claimed, the fact remains that its numerous social features formed a material part of its activities, and were undoubtedly necessary to its existence as a club. The activities of the club along strictly social lines covered a wide field—pool, billiards, cards, mah jong, backgammon, checkers, and special weekly luncheons at which instructive and interesting addresses were made, and moving pictures shown, some of which were on nonengineering subjects. These numerous and varied social features constituted an important and material part of the club activities. They tended to make membership in the club more desirable, and no doubt greatly assisted the club in maintaining its membership by holding old members and securing new ones.

Under the facts disclosed in the findings, the plaintiff is a social club within the meaning of the applicable statutes. Its claim for a refund of the taxes involved was rightly disallowed by the Commissioner of Internal Revenue, and the petition is therefore dismissed. It is so ordered.