## TRANSPORTATION CLUB OF SAN FRANCISCO v. UNITED STATES.
### Nos. 42896, 43052.

Court of Claims.
Dec. 7, 1936.

Byron G. Carson, of Washington, D. C., for plaintiff.

Fred K. Dyar, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

Plaintiff seeks to recover taxes paid upon club dues and initiation fees during the period July, 1929, to November, 1934, inclusive. Two suits are involved but, in view of the identity of the questions presented, they have been consolidated for the purpose of taking testimony and submission to the court. The first suit covers the period July, 1929, to June, 1933, inclusive, and seeks to recover $9,812.75 with interest and the second suit covers the period July, 1933, to November, 1934, inclusive, and seeks to recover $2,653.53 with interest.

The applicable statute, section 413(a) of the Revenue Act of 1928 (26 U.S.C.A. §§ 950–952), which amends section 501 of the Revenue Act of 1926, imposes a tax of 10 per centum of the amount paid "as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $25 per year." This provision is practically identical with the corresponding provision (section 701) which appeared in the Revenue Act of 1917 (40 Stat. 319) and which has been repeated in subsequent Revenue Acts. Many cases have arisen in this court and other courts on the question here presented, namely, whether plaintiff is a social club, and, as we said in Chicago Engineers' Club v. United States, 9 F.Supp. 680, 683, 80 Ct.Cl. 615, 621, "the rule seems now well settled that, if the predominant purpose of an organization is not social and its social activities are merely incidental to the furtherance of its different and predominating purpose, the organization is not a social club within the meaning of the taxing acts. If, on the contrary, the social features of an organization are a material part of its activities and necessary to its existence, and are not merely incidental to its predominant nonsocial purpose, it is regarded as a social club within the meaning of the revenue laws. Army & Navy Club of America v. United States, 53 F.(2d) 277, 72 Ct.Cl. 684."

In this class of cases, it has been repeatedly held that each case must stand on its own peculiar facts. We do not think it necessary to discuss the facts in this case for the reason that the special findings of fact made by the court set them out in detail. They show that the social features are so materially interwoven into the entire fabric of the club that without them the club could not exist. Applying the rule established in the Chicago Engineers' Club Case, supra, the petitions must be dismissed. It is so ordered.