## PARK CLUB v. UNITED STATES.

### No. 43530.

Court of Claims.

Nov. 6, 1939.

Wilbur A. Giffen, of Chicago, Ill., for plaintiff.

Fred K. Dyar, Sp. Asst. to Atty. Gen., and Samuel O. Clark, Asst. Atty. Gen. (Robert N. Anderson, Sp. Asst. to Atty. Gen., on the brief), for the United States.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

The plaintiff insists that it was nothing more than a luncheon club and so was exempt from taxation under section 501 of the Revenue Act of 1926, as amended by section 413 of the Revenue Act of 1928, 26 U.S.C.A. §§ 950–952.

This section imposes a tax on the initiation fees and dues paid to "any social, athletic, or sporting club." The plaintiff insists that it was only a luncheon club in which social features were merely incidental and for this reason it insists that it is not subject to the tax.

We do not think the social activities of the Park Club were merely incidental, but were a substantial and necessary part of its life. The Club was run not only for the benefit of the members, but also for the pleasure of wives of members as well to a substantial extent. Wives of members and their guests had the use of the middle dining room on the first floor when accompanied by a member, and the ladies' dining room and dressing room were set aside for the sole use of wives of members and their guests. These facilities were used for luncheons, dinners, musicals, bridge parties, and the like. While the record does not disclose completely the extent of such use, it appears that during the first twelve months of the period in question at least forty-eight such parties were held or given which were of sufficient importance socially to appear in the society columns of the local papers. As the business depression set in the number diminished but it is evident that these functions, which were purely social in their nature, were a material part of the activities of the club.

Men and their wives frequently had dinner at the Club, and one night each week a portion of the Club was set apart for the use of the men only and they were encouraged to attend for dinner on that evening. In comparison with the number attending for luncheon, the number eating dinner was few, about one out of ten; but such is the history of all downtown clubs.

Nor can it be said that the luncheons attended by the men did not have their social aspect. Many ate luncheon there for the companionship of congenial spirits, for relaxation in the middle of the day, for entertainment, at cards or in the reading room.

The facilities for these things were provided by the club not to induce its members to attend its luncheons, but because such activities were an essential part of its life. See Fleming v. Reinecke, 7 Cir., 52 F.2d 449, 80 A.L.R. 1293; Chicago Engineers' Club v. United States, 80 Ct.Cl. 615, 9 F.Supp. 680; Transportation Club of San Francisco v. United States, 84 Ct. Cl. 253, 17 F.Supp. 201; Detroit Club v. United States, 86 Ct.Cl. 549, 22 F.Supp. 424.

We are of opinion that it was a social club and so subject to the tax imposed by section 501 of the Revenue Act of 1926, as amended.

Plaintiff is not entitled to recover, and the petition is therefore dismissed. It is so ordered.