Oil Company v. Burnet, supra; United States v. Lewis, 340 U.S. 590, 592, 71 S. Ct. 522, 95 L.Ed. 560. Plaintiff's claim of right to the income in question was right and proper under the facts of this case.

The plaintiff is therefore not entitled to recover on the facts alleged in its petition, and the defendant's motion to dismiss is allowed, and the petition is dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.

**CENTURY COUNTRY CLUB**
v.
**UNITED STATES.**
No. 471–52.

United States Court of Claims
Dec. 1, 1953.

Allen Blank, New York City, for plaintiff.

H. S. Fessenden, Washington, D. C., with whom was H. Brian Holland, Asst. Atty. Gen., for defendant. Andrew D. Sharpe and Ellis N. Slack, Washington, D. C., were on the brief.

Before JONES, Chief Judge, and LITTLETON and MADDEN, Judges.

JONES, Chief Judge.

The plaintiff, Century Country Club, on behalf of its members seeks a refund of taxes paid during the years 1947, 1949 and 1950 on assessments which the club had made against its members, and which the members had paid.

The facts have been stipulated.

The club had four classes of members —regular, special, non-resident and honorary.

The stated objects in the original certificate of incorporation were

"to promote social intercourse among its members, to encourage and stimulate an interest in outdoor sports, and to provide its members with the conveniences of a Club House and of lands where such outdoor sports may be indulged in, and generally to do and perform any and all acts in any wise appertaining to the specific objects hereinbefore set forth."

Article V of the by-laws which were in force during the period involved,

stipulated among other things, that the entire direction, management and control of the club "shall be vested in its Board of Governors", and that "from time to time whenever in their judgment the financial condition of the Club shall require the same" the Board is empowered "to levy assessments" on the members of the club.

Under this authority the Board of Governors levied assessments in 1947, 1949 and 1950 on all members of the club. These were in addition to the regular dues, which were substantial.

These assessments, including taxes, were paid and the taxes remitted to the Collector of Internal Revenue, 14th District, New York.

For the years involved plaintiff reported and remitted taxes on assessments in the sum of $8,731 and included $7,968.50 on club dues, a total of $16,699.50.

Suit was regularly filed for a refund of $16,023.50 on the ground that these assessments were not taxable under section 1710 of the Internal Revenue Code, 26 U.S.C.A. § 1710. Plaintiff claims that under the statutes of New York a membership corporation has only those powers conferred by its charter or certificate of incorporation, and that since the certificate of plaintiff did not confer the power to levy such assessments they were not legally enforceable and therefore not taxable.

The plaintiff cites three cases[1] in which the assessments were held invalid. In each of those cases, however, the club's by-laws did not authorize the Board of Governors to levy assessments. In each of those cases the members were solicited to sign an agreement for an assessment or to make a contribution. Not all of the members were willing to sign an agreement, or to make contributions, and no effort was made to collect from the delinquents.

In the case at bar there was no solicitation, but a fixed assessment which all the members paid.

Plaintiff concedes this distinction but claims that since the certificate of incorporation did not authorize the levy of assessments, the Board of Governors had no such power, the by-laws to the contrary notwithstanding, that as a consequence the distinction disappears, and that thus the levy was not legally enforceable, and therefore not taxable.

We do not regard this position as tenable. If this position were correct neither dues nor assessments would have been enforceable; and since the certificate does not specifically authorize either, there would have been no way to finance the operation of the club or to accomplish its objects. The certificate of incorporation authorized the club, *inter alia*, to "stimulate an interest in outdoor sports * * * to provide its members with the conveniences of a Club House and of lands where such outdoor sports may be indulged in, and generally to do and perform any and all acts in any wise appertaining to the specific objects hereinbefore set forth."

It seems to us that implicit in this language is authority to do whatever was reasonably necessary to carry out the stated objectives. Otherwise the club could not function and from a practical viewpoint none of its objectives could be accomplished.

Section 1712 of the Internal Revenue Code, as amended by section 543(b) of the Revenue Act of 1941, 26 U.S.C.A. § 1712, is as follows:

"The term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; * * *."

1. Garden City Golf Club v. Corwin, 2 Cir., 1932, 62 F.2d 246; Fresh Meadow Country Club v. United States, D.C.E.D. N.Y., 1936, 17 F.Supp. 400; Pendennis Club v. United States, D.C.W.D.Ky., 1937, 20 F.Supp. 758.

In determining whether the payments to a club for certain privileges were taxable the Supreme Court in the case of White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 430, 86 L.Ed. 619, in holding the privilege payments as assessed subject to tax, uses the following language:

"Consideration of the nature of club activity is a necessary preliminary to the formulation of a test of what constitutes a 'due or membership fee.' So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' if the payment is not fixed by each occasion of actual use. Such was the case here, and we therefore hold that the payments in question were subject to the tax."

On the question of the power of Congress to set the pattern of taxation the Supreme Court in Lyeth v. Hoey, 305 U.S. 188, 194, 59 S.Ct. 155, 158, 83 L.Ed. 119, said:

"In dealing with the meaning and application of an act of Congress enacted in the exercise of its plenary power under the Constitution to tax income and to grant exemptions from that tax, it is the will of Congress which controls, and the expression of its will, in the absence of language evidencing a different purpose, should be interpreted 'so as to give a uniform application to a nation-wide scheme of taxation'. Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77, 77 L.Ed. 199. Congress establishes its own criteria and the state law may control only when the federal taxing act by express language or necessary implication makes its operation dependent upon state law."

In the case at bar the assessments were levied and collected for the general purposes and operations of the club. The by-laws fully authorized the levy of the assessment by the Board of Governors, who had the further power to suspend or expel a member for a violation of the by-laws. The by-laws were in keeping with the broad general language and declared purposes of the certificate of incorporation.

It was the clear intention of Congress as expressed in the legislative enactment that a tax should be levied and collected on transactions of this kind. In this instance the individual members did not contest the collection of the assessment. They paid the assessment and the club apparently received and retained the funds.

The petition is dismissed. It is so ordered.

MADDEN, and LITTLETON, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.