**CITY ATHLETIC CLUB, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Aug. 31, 1956.

Judgment Affirmed March 8, 1957.
See 242 F.2d 43.

Kaye, Scholer, Fierman & Hays, New York City, Jay O. Kramer, New York City, of counsel, for plaintiff.

Paul W. Williams, U. S. Atty., for Southern Dist. of New York, New York City, Foster Bam, Asst. U. S. Atty., Pelham Manor, N. Y., of counsel, for defendant.

WALSH, District Judge.

Plaintiff, on behalf of its individual members, seeks a refund of the club dues imposed, pursuant to section 1710 of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 1710, upon a particular assessment collected by it in 1948. Both parties move for summary judgment.

In order to raise additional funds for repairs, replacements and improvements of the Club's property, plaintiff assessed its members for an amount over and above the regularly collected dues. The assessment was voted by the membership at an annual meeting of the Club after advance notice had been given that this proposal would be voted upon. All of the acts of the Club and its members assumed that the Club had power to compel the collection of such an assessment and that it was taxable under the dues tax. Thus, the letter to the members giving notice of the proposal stated that the members would be assessed for a particular amount plus the Federal tax of twenty percent. No pledge cards or acceptances were solicited from the individual members as would have been the case if the contribution were thought voluntary. Each individual member was billed for the assessment and rebilled each month for the balance owing until it was fully paid, the members having been given the option of paying off the assessment at $5 per month.

Plaintiff relies upon Garden City Golf Club v. Corwin, 2 Cir., 62 F.2d 246, but that case is distinguishable. There the contribution by the members was not collected under color of right. It was clearly voluntary; it was described as a "permissive assessment"; its acceptance was "requested" by the president without any form of obligatory imposition by the Club or the board of governors. Some members contributed less than the recommended amount; others did not contribute at all; no effort was made to compel collections. In the present case the defendant did not choose to risk reliance upon individual gifts. Instead the assessment was imposed under color of right; it was asserted as obligatory.

Although in New York, as in some other states, there is authority that a membership corporation has no power to levy assessments, as distinguished from regular dues unless expressly granted in its certificate of incorporation, Thompson v. Wyandanch Club, 70 Misc. 299, 127 N.Y.S. 195, it is unnecessary to decide that question. There is no proof that any member resisted the collection of the assessment in its obligatory form or contended that he was making a voluntary gift. The statute of limitations upon any claim for reimbursement having run, any question as to legal authority for plaintiff's act must be deemed waived. Certainly where the parties themselves have not bothered to resolve the issue, a taxing agency should not be required to do so.

Even where there has been no such waiver it has been held that the collection of revenue need not be delayed pending resolution of private controversies. See National City Bank of New York v. Helvering, 2 Cir., 98 F.2d 93, 95–96. Where the recipient, as a practical matter, derives economic value from a payment, the payment though unlawfully extorted has been held taxable as income. Rutkin v. United States, 343 U.S. 130, 137, 72 S.Ct. 571, 96 L.Ed. 833. Unlawful charges, collected under color of right, should by analogy be subject to excise tax. The fact that the tax is assessed against the payor rather than the payee does not avoid the practical necessity for freeing the Treasury from the delay which would be incident to the resolution of private controversies, particularly after the statute of limitations has laid those controversies forever to rest. See

National City Bank of New York v. Helvering, supra.

The Garden City case turned upon the voluntary nature of the payment by the membership. The court's language with respect to the lack of legal authority to enforce an obligatory assessment was mere emphasis of the voluntary nature of the payment. The court did not say or hold that assessments obligatory in form were not taxable as dues merely because there was a defect in the Club's authority to impose them. To so read its language would be to attribute to the Court of Appeals a concern for the variations and peculiarities of state laws having no significant bearing upon the economic realities intended to determine the tax and artificially hampering its uniform national application. Such a deviation from the rule of Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199 and Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 83 L.Ed. 119, will not be implied.

Judgment for the defendant.