**CITY ATHLETIC CLUB, Plain-tiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 226, Docket 24336.**

United States Court of Appeals Second Circuit.

Argued Feb. 7 and 8, 1957.

Decided March 8, 1957.

Kaye, Scholer, Fierman & Hays, New York City (Jay O. Kramer, New York City, of counsel), for plaintiff-appellant.

Paul W. Williams, U. S. Atty. for Southern Dist. of New York, New York City (Foster Bam, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before CLARK, Chief Judge, MEDINA, Circuit Judge, and J. JOSEPH SMITH, District Judge.

J. JOSEPH SMITH, District Judge.

Plaintiff City Athletic Club was organized as a Membership Corporation under New York law. Pursuant to a vote of its members, it levied on all its members an assessment in 1948 payable if desired in monthly instalments over a two year period. The assessment, to raise additional funds for repairs, replacements and improvements to the club's property, which was for an amount over and above the regularly collected dues, was billed to the members without the usual reference to suspension for nonpayment of indebtedness. The assessment was paid substantially in full by all the members during the period April 1, 1948 to October 1, 1950 in the amount of $71,837.73. An additional amount of $14,392.27 was collected by the club as tax on the amount paid on the assessment, and paid over by the club to the Collector of Internal Revenue, Third District, New York, as a tax on dues

under Section 1710 and 1712(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 1710, 1712(a). Claim for refund was timely filed on January 8, 1955 by the plaintiff on behalf of its members, rejected by notice of disallowance, and action for refund was brought in the District Court for the Southern District of New York. The action was tried before Judge Walsh and resulted in judgment for the defendant. From this judgment plaintiff appeals.

The applicable sections in force at the time of the payment of the assessment were 1710(a), "There shall be levied, assessed, collected, and paid—(1) Dues or membership fees. A tax equivalent to 20 per centum of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year." and 1712(a), "Dues. The term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days."

Judge Walsh distinguished Garden City Golf Club v. Corwin, 2 Cir., 62 F.2d 246. He pointed to the "permissive" nature of the assessment in the Garden City case, the irregular response, and the lack of effort there to compel collections. While we agree that the result reached by Judge Walsh is clearly correct, we would so hold even if the cases were not to some degree distinguishable on the facts. The interpretation of the Act in the Garden City case appears to us unsound. That case held the payments voluntary and not assessments within the meaning of the Act. The language of the opinion, followed in Fresh Meadow Country Club, Inc., v. U.S., D.C.E.D.N.Y., 17 F.Supp. 400 and Pendennis Club v. U. S., D.C. W.D.Ky., 20 F.Supp. 758, makes the deciding factor enforceability of the assessment under state law. With this interpretation we do not agree. The

meaning of the word "assessment" as used in Section 1712(a) is a question of federal law. Century Country Club v. U. S., Ct.Cl., 116 F.Supp. 727, Burnet v. Harmel, 287 U.S. 103, 110, 53 S.Ct. 74, 77 L.Ed. 199; Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 83 L.Ed. 119. The Congress in using the word "assessment" gave no indication that it was to have different meanings, or that the tax would have a different incidence, in different states. The term should have a uniform meaning consistent with the purpose to levy an excise tax on payments by the membership for maintenance and support of these organizations, whether or not denominated as dues. The assessment in the case at bar, voted by plaintiff's membership, was made and obeyed under a claim of right. Such an assessment, effectively calling on the membership to meet pro rata particular needs of the club, whether technically enforceable under state law or not, is the type of payment sought to be reached by the excise levy of Section 1710. It is the effective call for a definite contribution or payment from the members which should be held to characterize an assessment, as distinguished from a voluntary contribution or gift. Even a somewhat irregular and sporadic response to such a call, as in the Garden City case, would not establish the voluntary character of the payments by the paying portion of the membership so as to make them not payments of assessments and so not taxable. Such a call always carries with it some degree of compulsion, even if it be social or moral rather than legal. The remarkably fine response in the case at bar is a good example of how effective such sanctions can be. Taxwise, no distinction need be made between payment under such sanctions and payment under legal sanctions. The purpose of the call, the nature of the response, the use to which the funds were put differed in no way from what they would have been had the call been, as was assumed, legally enforceable. Plaintiff advances no good reason to hold that the incidence

of the tax on payments in response to such a call differs from club to club depending on the vagaries of state laws applying to such corporations or associations.

Affirmed.