**LOUISVILLE COUNTRY CLUB, INC.,**
Plaintiff,

v.

**William M. GRAY, District Director of Internal Revenue, Defendant.**

Civ. No. 3692.

United States District Court
W. D. Kentucky,
Louisville Division.

Oct. 29, 1959.

E. J. Wells, Louisville, Ky., for plaintiff.

William B. Jones, U. S. Atty., Louisville, Ky., Herbert L. Awe, Dept. of Justice, Tax Division, Washington, D. C., for defendant.

BROOKS, District Judge.

The Louisville Country Club, hereafter referred to as the taxpayer, is a nonprofit Kentucky corporation without capital stock and is organized for social purposes. It brings this suit on behalf of individual members seeking to recover excise taxes paid on a 1956 assessment levied to provide funds for capital improvement of club property.

The question involved is whether the 1956 assessment levied by the taxpayer's board of governors against each active voting member is subject to the 20 percent excise tax imposed on club dues by Section 4241(a)(1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4241(a)(1). Both parties have filed a motion for summary judgment.

The facts have been stipulated. A special meeting of the voting members of the taxpayer was held to discuss the question of raising funds to remodel their clubhouse. At this meeting it was voted to authorize the board of governors of the taxpayer to levy an assessment and pursuant to this authority the board of governors subsequently adopted the following resolution:

"Be It Resolved that the dues of all classes of members be increased by 20% effective July 1st, 1956.

"Be It Further Resolved that either one of the two following assessments shall be and is hereby levied against each Active Voting Member:

"A. An assessment in the amount of $416.67 plus applicable 20% tax, provided said assessment is paid prior to November 1st, 1956; or

"B. An assessment in the amount of $500.00, plus applicable 20% tax, payable in equal monthly installments beginning November 1, 1956, and continuing over a period of five years.

"Be It Further Resolved that the value of each share of stock in the Louisville Country Club Realty Company shall be increased to $1,000.00 upon payment of assessment A as above set forth and that the value of each share of stock for those electing to pay assessment B shall be $500.00 plus the amount, exclusive of taxes, that has been paid into the Club.

"Be It Further Resolved that any person becoming an Active Voting Member after November 1, 1956, shall pay $1,000.00 for his share of stock, except that a Non-Voting Member becoming an Active Voting Member prior to November 1, 1956, shall pay for his share of stock $500.-00 cash and the $500.00 balance shall be paid within five years in 60 equal monthly installments—all exclusive of taxes."

The taxing statute involved imposes a "tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year." Title 26 U.S.C.A. § 4241(a)(1). The term "dues" as defined "includes any assessment, irrespective of the purpose for which made, * * *." Title 26 U.S.C.A. § 4242(a). Similar provisions were contained in Sec. 1712 of the 1939 Internal Revenue Code and in prior acts dating from the Act of 1917, c. 63, § 701, 40 Stat. 319.

The taxpayer contends that since it admittedly had no legal right under Kentucky law to levy an assessment and enforce its collection, payments made by the members, and no member refused to pay, were voluntary contributions or gifts and not taxable as "dues", citing Pendennis Club v. United States, D.C. W.D.Ky., 20 F.Supp. 758. This case was decided by this Court in 1937 and is one of three cases so holding, the others being Fresh Meadow Country Club v. United States, D.C.E.D.N.Y.1937, 17 F.Supp.

400, and Garden City Golf Club v. Corwin, 2 Cir., 62 F.2d 246, decided in 1932 and cited and relied upon in both of the district court opinions. In 1957, however, the Second Circuit in City Athletic Club v. United States, 242 F.2d 43, 44, rejected its earlier opinion in Garden City Golf Club v. Corwin as unsound, stating as follows:

"The interpretation of the Act in the Garden City case appears to us unsound. That case held the payments voluntary and not assessments within the meaning of the Act. The language of the opinion, followed in Fresh Meadow Country Club, Inc., v. United States, D.C.E.D.N.Y., 17 F.Supp. 400, and Pendennis Club v. United States, D.C.W.D.Ky., 20 F. Supp. 758, makes the deciding factor enforceability of the assessment under state law. With this interpretation we do not agree. The meaning of the word 'assessment' as used in Section 1712(a) is a question of federal law. Century Country Club v. United States, Ct.Cl., 116 F.Supp. 727, Burnet v. Harmel, 287 U.S. 103, at page 110, 53 S.Ct. 74, 77 L.Ed. 199; Lyeth v. Hoey, 305 U.S. 188, at page 193, 59 S.Ct. 155, 83 L.Ed. 119. The Congress in using the word 'assessment' gave no indication that it was to have different meanings, or that the tax would have a different incidence, in different states. The term should have a uniform meaning consistent with the purpose to levy an excise tax on payments by the membership for maintenance and support of these organizations, whether or not denominated as dues. The assessment in the case at bar, voted by plaintiff's membership, was made and obeyed under a claim of right. Such an assessment, effectively calling on the membership to meet pro rata particular needs of the club, whether technically enforceable under state law or not, is the type of payment sought to be reached by the excise levy of Section 1710. It is the effective call for a definite contribution or payment from the members which should be held to characterize an assessment, as distinguished from a voluntary contribution or gift."

The holding of this case that the meaning of the word "assessment" as used in the taxing statute is a matter of federal rather than local law is clearly correct. The Supreme Court lays down the rule of supremacy of federal law in Burnet v. Harmel, supra.

"Here we are concerned only with the meaning and application of a statute enacted by Congress, in the exercise of its plenary power under the Constitution, to tax income. The exertion of that power is not subject to state control. It is the will of Congress which controls, and the expression of its will in legislation, in the absence of language evidencing a different purpose, is to be interpreted so as to give a uniform application to a nationwide scheme of taxation. * * * State law may control only when the federal taxing act, by express language or necessary implication, makes its own operation dependent upon state law." [287 U.S. 103, at page 110, 53 S.Ct. 77.]

The application of this rule compels the conclusion as it did in City Athletic Club v. United States, supra, that when Congress states that assessments are to be taxed as dues irrespective of the purpose for which made, the tax cannot be defeated because the assessment cannot legally be enforced under state law. See Morgan v. Commissioner, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585; Wilmette Park District v. Campbell, 338 U.S. 411, 70 S.Ct. 195, 94 L.Ed. 205; Watson v. Commissioner, 345 U.S. 544, 73 S.Ct. 848, 97 L.Ed. 1232, rehearing denied, 345 U.S. 1003, 73 S.Ct. 1128, 97 L.Ed. 1408; Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670.

The taxpayer makes a further contention based on the fact that the resolution of the board of governors

levying the assessment provides that the value of the share of stock owned by each member is increased by the amount of the assessment when paid. The articles of incorporation of the taxpayer require each voting member as a condition of membership to own one share of stock in the Louisville Country Club Realty Company which is a holding company for the property leased by the Louisville Country Club. Upon resignation or death of a voting member his share of stock is returned to the club and held until a new member is elected who then pays the club the value of the stock as fixed by the board of governors. Prior to the 1956 assessment the value of each certificate was fixed at $500. It is contended that the payments made by a member were not "assessments" within the meaning of the taxing statute but were "loans" or "capital investments", since the amount paid by each member was added to the value of his stock and would be refunded on termination of membership.

The fact that a member's share of stock was increased in value, however, does not characterize the payment made by a member as a "loan" or "capital investment." The taxpayer was in need of funds to remodel its clubhouse and the manner in which these funds were raised meets the dictionary definition of an "assessment." See Webster's New International Dictionary, Second Edition. Also the members voted to authorize an "assessment" and the resolution of the board of governors levied an "assessment" which the members paid. To say now that the amount each member paid was intended as a "loan" or "investment" would be contrary to the facts. It would likewise violate the settled rule that the words of a statute are to be given their usual, ordinary and everyday meaning. Old Colony R. Co. v. Commissioner, 284 U.S. 552, 52 S.Ct. 211, 76 L.Ed. 484; De Ganay v. Lederer, 250 U.S. 376, 39 S.Ct. 524, 63 L.Ed. 1042; and Levy's Lessee v. McCartee, 6 Pet. 102, at page 110, 8 L.Ed. 334.

Another argument advanced by the taxpayer is that Congress did not intend for special assessments made for capital improvement of social clubs to be taxable because in 1958 the law was amended exempting from excise tax any assessment paid for the "construction or reconstruction of any social, athletic, or sporting facility (or for the construction or reconstruction of any capital addition to, or capital improvement of, any such facility)". Title 26 U.S.C.A. § 4243(b). This contention is without merit. The amended statute is not retroactive and by its own terms did not become effective until the 1st day of January, 1959. Sec. 132(d)(2) of Pub.L. 85–859, 26 U.S.C.A. § 4241 note. It is also presumed that when Congress amends a law the amendment is made to effect some purpose and change in the law, Brewster v. Gage, 280 U.S. 327, 337, 50 S.Ct. 115, 74 L.Ed. 457, and an amendment to a statute cannot operate retroactively to give a statute a different meaning than it had acquired before adoption of the amendment. Gemsco, Inc. v. Walling, 324 U.S. 244, 65 S.Ct. 605, 89 L.Ed. 921. Legislative history shows that Congress recognized there were reasons to change the law so as not to tax assessments for capital improvements of club property but action came too late to provide relief in the present case. The reasons for the amendment are stated in Senate Report No. 2090, 1958 U.S.Code Congressional and Administrative News, Eighty-fifth Congress, Second Session, Page 4437, as follows:

"(1) *Assessments for Capital Improvements.*—

"The tax on club dues is imposed on amounts utilized by a club to purchase capital facilities or equipment as well as amounts used for operating expenses. This result is assured by section 4242 [Section 4242 of the Internal Revenue Code of 1954] which defines 'dues' as including ' * * * any assessment, irrespective of the purpose for which made * * *.' * * *

"The construction of facilities for a social, athletic, or sporting club often represents a very heavy initial expense relative to the annual up-

keep. Such expense is often particularly burdensome in situations where an existing organization finds it necessary to reconstruct facilities which have become obsolete or worn out. * * * The bill, as passed by the House and as agreed to by your committee, provides that assessments for constructing such facilities are to be exempt from the tax on club dues. * * *"

Counsel for the defendant will submit appropriate judgment on notice.