**LOUISVILLE COUNTRY CLUB, INC.,**
Appellant,

v.

**William M. GRAY, District Director of Internal Revenue, Appellee.**

No. 14109.

United States Court of Appeals
Sixth Circuit.

Dec. 15, 1960.

McAllister, Chief Judge, dissented.

H. Gilmer Wells, Louisville, Ky., E. J. Wells, Louisville, Ky., on brief, for appellant.

Harry Marselli, Department of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Carolyn R. Just, Attys. Department of Justice, Washington, D. C., on brief, for appellee.

Before McALLISTER, Chief Judge, and MARTIN and WEICK, Circuit Judges.

PER CURIAM.

The taxpayer, Louisville Country Club, Inc., on behalf of its individual members, brought suit in the United States District Court to recover excise taxes paid on a 1956 assessment, levied on its membership to provide funds for improvement of the club property. The issue is whether the assessment should be subjected to the twenty percent excise tax imposed upon club dues by Section 4241(a) (1) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4241(a) (1).

The case was tried on a stipulation of facts and submitted for decision on the motions for summary judgment filed, respectively, by the appellant taxpayer and the appellee District Director of Internal Revenue.

Thoughtful consideration has been given to the oral arguments and briefs of attorneys and to the facts of the case in relation to applicable law. The conclusion has been reached that the judgment of United States District Judge Brooks granting the motion of the defendant District Director and dismissing the complaint of the plaintiff taxpayer should, for the reasons stated in the memorandum opinion of Judge Brooks, 178 F.Supp. 915, be affirmed.

1. The penalty for violation of 26 U.S.C.A. § 4724(b) is found in 26 U.S.C.A. § 7237.

McALLISTER, Chief Judge (dissenting).

I regret to dissent from the view of my colleagues, and consider that we should follow Judge Hamilton's decision in Pendennis Club v. United States, D.C.Ky., 20 F.Supp. 758. The so-called assessment in this case was not an assessment in any real or true sense. There was no liability on the part of members of appellant club to pay the assessment; the payment was not compulsory, it was not enforceable. When the stock of a member was purchased by a newly-elected member, the purchaser was obliged to pay the value of the stock plus the amount of the so-called assessment that had been made. Voluntary contributions in such cases are not taxable. The Pendennis case followed the rule set forth in Garden City Golf Club v. Corwin, 2 Cir., 62 F.2d 246. There was nothing unusual or surprising about that decision; and it apparently was considered by Congress as properly interpreting the statute, as no attempt was made to modify the law by amendment to provide for taxation of such assessments. However, when City Athletic Club v. United States, D.C.N.Y., 148 F.Supp. 96, affirmed 2 Cir., 242 F.2d 43, reversed the Garden City Golf case, Congress immediately amended the statute to specifically exclude assessments for capital improvements; and appellant's argument is persuasive that the amendment was enacted by Congress because it was satisfied with the prior interpretation and was concerned with making certain that such assessments for capital improvements, as in this case, would not be taxed.

It is easy to see why Congress should so consider the matter, for the tax upon the advances here made for capital improvements was substantial, and, in my view, results in an injustice to all persons subjected thereto; and, while the recent statute does not directly control this case, such taxation as we here have before us, has been definitely rejected by Congress in the federal statute as it stands today. Taxation, such as here in question, should not be sustained unless it is clear that Congress intended it to be levied on these transactions; and I do not consider there was any such intention.