**COLONY BEACH CLUB, INCORPO-RATED, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 5, Docket 27378.

United States Court of Appeals Second Circuit.

Argued Dec. 10, 1962.

Decided March 12, 1963.

Curtiss K. Thompson, of Thompson, Weir & Barclay, New Haven, Conn., for appellant.

Alan D. Pekelner, Atty., Dept. of Justice, Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Dept. of Justice, and Robert C. Zampano, U. S. Atty., for the District of Conn., on the brief), for appellee.

Before MEDINA, WATERMAN and SMITH, Circuit Judges.

SMITH, Circuit Judge.

The Colony Beach Club, Inc., a privately owned corporation owning and operating for profit a beach and adjacent area, sues for refunds of taxes paid on amounts collected as season rentals of cabins and cabanas during the years 1954 and 1955, Internal Revenue Code of 1939, § 1700 (a), Internal Revenue Code of 1954, § 4231(1).[1] It asserts that the federal admissions tax is inapplicable, as members were not required to rent these accommodations as a condition of admission, while the government asserts that the requirement of rental was implied in the original membership. The usual class of membership costs $25, the rentals run from $80 for a cabin to $180–$330 for a cabana. All members rented or had arrangements to use the accommodations during 1954, and all but two did so in 1955. The United States District Court for the District of Connecticut, J. Edward Lumbard, Circuit Judge, sitting by designation, in a trial without jury, found for the defendant, and plaintiff appeals. Affirmed.

■ Fees for admission to bathing beaches were taxable under the admissions tax sections. Wilmette Park Dist. v. Campbell, 338 U.S. 411, 70 S.Ct. 195, 94 L.Ed. 205 (1949). In this case the season membership and the rental of the particular cabana or cabin space for the season were combined in a single contract.

■ Until 1953 the Internal Revenue Service had not considered such seasonal charges as taxable admission charges. Thereafter they were so considered. Taxpayer, learning of this, sought clarification of the ruling and was informed that if the use of the facilities was optional, the tax did not apply to the charge for the use of the facilities. It thereupon inserted in the membership application a statement that membership gave each member access to the Club and use of the Club's general facilities for which there is no scheduled charge, and the option to apply for and reserve cabana or cabin space at additional rental specified. The 1954 applications were not mailed out, but handed to the members when they arrived at the opening of the season. All the members who previously rented space continued to do so under the new language. Judge Lumbard found from the conduct of the parties an implied requirement that space be rented and upheld the tax as applied to the payments designated as rentals as well as to those designated as membership fees. This finding must stand unless "clearly erroneous." Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

The government and the court based the imposition of the tax upon the theory that rental of space was an implied provision of the membership contract. Whether so phrased or not, the rental of space under the circumstances here was in fact so intimately associated with the membership as to constitute a charge for admission to the beach facilities. Under the old wording and practice, rental of space was required for admission. The

---

1. "§ 4231. Imposition of tax

"There is hereby imposed:

"(1) General.—A tax of 1 cent for each 10 cents or major fraction thereof of the amount paid for admission to any place, including admission by season ticket or subscription. No tax shall be imposed under this paragraph on the amount paid for admission—

"(A) if the amount paid for admission is 50 cents or less, or

"(B) in the case of a season ticket or subscription, if the amount which would be charged to the holder or subscriber for a single admission is 50 cents or less. The tax imposed under this paragraph shall be paid by the person paying for such admission."

change in the wording of the form brought about no change in the practice.

■■ It may be noted that the accommodations other than the cabins and cabanas were quite meager, that the Club reserved the right to refuse applications, that there was a waiting list for membership and that the so-called "option" not to rent (for which no separate box was provided even on the new forms) was in practice almost never exercised. The court must look to the actual relation of the parties to the payments, rather than the labels the parties choose to give their actions for tax purposes. The meaning of "admissions" is a matter of federal, not state law. Lyeth v. Hoey, 305 U.S. 188, 193, 59 S.Ct. 155, 83 L.Ed. 119; City Athletic Club v. United States, 242 F.2d 43 (2 Cir., 1957).

There was in practical effect no change in the relation of the corporation and its patrons under the new contract provision from that under the old, and we find no alteration of the tax consequences. The cabana or cabin rental is an integral part of the charge for admission to the beach facilities and was subject to the tax.

The judgment for defendant, dismissing the complaint, is affirmed.