JONATHAN CLUB, a California corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 62–1582.

United States District Court
S. D. California,
Central Division.

Aug. 7, 1963.

Hill, Farrer & Burrill, Carl A. Stutsman, Jr., and Jack R. White, Los Angeles, Cal., for plaintiff.

Francis C. Whelan, U. S. Atty. for Southern Dist. of California, by Loyal E. Keir, Asst. U. S. Atty., Chief, Tax Sec-

tion, and Charles H. Magnuson, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

THURMOND CLARKE, District Judge.

By this action, Plaintiff Jonathan Club is suing the United States of America to recover Federal Excise Taxes allegedly overpaid for the period October 1, 1961 to December 31, 1961. Jurisdiction is founded upon 28 U.S.C. § 1346(a) (1), and is not disputed. Plaintiff filed its Quarterly Federal Excise Tax Return on January 31, 1962; and thereafter, on February 26, 1962, Plaintiff filed a claim for refund in the amount of $92.70. No action has been taken thereon and, accordingly, this action is timely under I.R.C. Sec. 6532 (26 U.S.C. § 6532). A hearing on the matter was held by the Court on June 19, 1963, and after the filing of trial briefs by both parties, the matter was submitted to the Court for judgment.

Plaintiff is a social club. Dues paid by its members are subject to the 20% Federal Excise Tax imposed by I.R.C. Sec. 4241. The question presented in this case is whether certain payments made by Plaintiff's members to an Employees' Christmas Fund are additional dues or an assessment subject to the tax, or whether they are voluntary contributions upon which no excise tax is imposed.

Each member's November bill includes a "charge" for the Christmas fund. The amount of this charge is determined by membership status. A form letter is enclosed with the bill, explaining that any amount given to the fund is a voluntary contribution, and that the charge on the bill is a suggested amount based on membership status. A perforated slip is attached to this letter for the convenience of members who wish to give more than the suggested amount or make anonymous gifts to individual employees.

A member may remit any amount or may subtract the suggested amount from his bill. If the latter is done, the Club's accountant makes the same subtraction. No additional solicitation is sent to the member, nor does the charge reappear on later billings. No disciplinary action is taken if a member does not contribute. The names of those who do not contribute are known only to the accounting staff of the Club.

All money collected is put into the Christmas fund and distributed to all Plaintiff's employees. The division of the fund among the employees is determined by each employee's seniority in number of years employed, and rate of pay. Some of Plaintiff's employees receive Christmas bonuses in addition to their share of this Christmas fund.

There is a rule against tipping at Plaintiff's Club, but a service charge is added to a member's bill whenever a direct service is rendered. Upon receipt of payment, this service charge is turned over to the employee who performed the service.

It is upon this set of facts that the question presented by this cause of action is to be decided. That question is, namely: Are the amounts given by the members to the Employees' Christmas Fund to be considered assessments as defined in Sec. 4242 of the Internal Revenue Code?

██ The use of the term "assessment" in Sec. 4242 of the Internal Revenue Code demonstrates that the intent of Congress is to impose the same tax on all required membership payments regardless of how they are classified by the organization. "If a club or organization collects no regular dues, or membership fees, but meets its expenses by levying assessments on its members as funds are required, the assessments are taxable. * * *" CCH Federal Excise Tax Reporter, Par. 2163 (1963).

> "The term [assessment] should have a uniform meaning consistent with the purpose to levy an excise tax on payments by the membership for maintenance and support of these organizations, whether or not denominated as dues." City Athletic Club v. United States, 242 F.2d 43, at p. 44 (2nd Cir. 1957).

Such an assessment is taxable under Sec. 4241, whether it is used in place of or in addition to regular membership dues.

"Such a club or organization being an association of individuals joined together for a common cause, it follows that the individual members have undertaken to share the necessary expenses in pursuit of the club's purposes and activities. If by reason of any contingency, recurring or special, the fixed annual membership fees are not sufficient to meet all the costs of operating the club, it is a common practice for the club to levy assessments against its members, either by action of its board of directors or by action of the membership." Rev.Rul. 55–533, Cum.Bull. 1955–2, p. 642.

■ Because these assessments are defined as those payments necessary to meet the various obligations of a social club, the power of the assessor to enforce the collection of the specific amounts assessed is a necessary adjunct to a taxable assessment. This power need not include a legal obligation enforceable under state law. Louisville Country Club, Inc. v. Gray, D.C., 178 F.Supp. 915 (1959). Rather, such power to enforce usually takes the form of an intra-organizational disciplinary procedure, exampled most frequently by a power to cancel memberships if payment is not made. Cf. Century Country Club v. United States, 116 F.Supp. 727, 127 Ct.Cl. 159, (1953).

The definition of the word "assessment" is predicated upon its specificity. Cf. Webster's New International Dictionary. An assessment is a specifically stated charge. When an assessment is levied, the amount remitted may not be reduced because of the desire, caprice or individual judgment of the assessed party.

"It is the effective call for a definite contribution or payment from the members which should be held to characterize an assessment, as distinguished from a voluntary contribution or gift." City Athletic Club v. United States, 242 F.2d 43, at p. 44 (2nd Cir. 1957).

When the essential decision is made by each potential payor, acting as an individual, and the officers of the club have no way to control the payor's determination, it becomes clear that there has been no mandatory assessment. Rev. Rul. 59–421, Cum.Bull. 1959–2, p. 322.

■ When the power to specify and the power necessary under the circumstances to collect is held by the organization, an assessment may be made. When the power to specify and the power to give or not give is held by the payor member, any resulting remittance is voluntary. A suggestion is not an assessment.

Furthermore, where the term "assessment" has hitherto been used in conjunction with social clubs, the resulting funds have been earmarked for general purposes, i. e., maintenance, expansion, etc. A Christmas fund for employees is not a purpose or an objective of a social club. It is an individual desire, organized in this instance by the Club as agent for its members in the interest of fairness and convenience.

On the basis of the foregoing, the Court feels that Plaintiff has proved the allegations of the complaint, and overcome the presumption favoring the Commissioner's assessment. The Court thus finds that Plaintiff is entitled to the refund of these taxes. Counsel for Plaintiff shall submit findings of fact, conclusions of law, and form of judgment in accordance with the Court's memorandum. This memorandum is thus not to be considered a final judgment.