**"THE BENEDICTS"**, an unincorporated association, Plaintiff,

v.

The **UNITED STATES** of America, Defendant.

Civ. No. 1643.

United States District Court
W. D. North Carolina,
Charlotte Division.

Sept. 17, 1964.

Robert W. King, Jr., Charlotte, N. C., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, Myron C. Baum and Norman W. Goldin, Attorneys, Department of Justice, Washington, D. C., William Medford, U. S. Atty., Asheville, N. C., and Joseph R. Cruciani, Asst. U. S. Atty., Charlotte, N. C., for defendant.

CRAVEN, Chief Judge.

Does the $29.00 per member "advanced" to taxpayer social club to cover expenses of the Christmas and Spring dances of the club constitute "dues" under Section 4242(a) of the Internal Revenue Code of 1954? This is the only question for decision.

A summary statement of the detailed stipulations of fact is sufficient to afford an understanding of the problem.

Taxpayer is an unincorporated association and social club consisting of approximately 110 members. There are three meetings annually, two of which are dinner dances and the third is referred to as a business meeting in the stipulations; however, the stipulations also include a financial exhibit which indicates that dinner and "corkage" and other refreshment charges are incurred at the "business" meeting.

1

These three meetings constitute the club's complete function: there are no other activities of any sort whatsoever.

A bill is mailed to each member once a year. It reflects regular dues of $30.00 plus $6.00 excise tax thereon, plus $29.00 representing the "advance" paid on the expenses of the Christmas and Spring dances. The total individual payment is $65.00. All such payments are received by the Treasurer and deposited in the club's single bank account, and all payments and disbursements are made from the same account. No separate accounting is kept in reference to the $29.00 "advance" payment.

Taxpayer insists that the excise tax imposed by Section 4241 of the Internal Revenue Code of 1954 applies only to the $30.00 annual dues, and not to the $29.00 "advance" paid by each member to cover the expenses of the Christmas and Spring dances. On demand from the Bureau of Internal Revenue, taxpayer collected the excise tax ($5.80) on the $29.00 item from each of its members and paid it under protest. Claim for refund has been disallowed by the District Director.

Section 4242 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4242, may sensibly be separated into at least two parts as follows:

"Dues. As used in this part the term 'dues' includes:

"(1). [A]ny assessment, irrespective of the purpose for which made, and

"(2). any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days;"

The Commissioner interprets Section 4242 as establishing possibly four [1] separate but overlapping categories:

"Definition; dues or membership fees. In general.

"(1) The term 'dues or membership fees,' as used in the regulations in this part, means all charges made by a social, athletic, or sporting club or organization which are commonly understood to constitute dues or membership fees;

"(2) as well as all other charges required to be paid to such a club or organization for the privilege of being a member of the club or organization or a member of a particular membership class.

"The term also includes—

"(3) Any assessment made by a social, athletic, or sporting club or organization, irrespective of the purpose for which made, and

"(4) All charges made by a social, athletic, or sporting club or organization for (i) social privileges or facilities for any period of more than 6 days (whether or not consecutive), or (ii) golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities for any period of more than 6 days (whether or not consecutive)." 2 Treas.Reg. Section 49.4242–1 (1964).

The regulation is not an unreasonable interpretation of the statute, and is supported by the language of the taxing statute itself (26 U.S.C.A. § 4241) with respect to "dues and membership fees" to any "social club."

Categories (2) and (3) of the regulations appear to cover the $29.00 "advance." Since by statute (Section 4242) "dues" now includes "any assessment", the language of the Supreme Court in White v. Winchester Country Club, 315

---

1. The enumeration here is not the same as in the printed regulation.

U.S. 32, 62 S.Ct. 425 at 430, 86 L.Ed. 619 at 625 (1942), may therefore be paraphrased to read: Consideration of the *nature* of club activity is a necessary preliminary to the formulation of a test of what constitutes an "assessment." This is not a case of multifarious club activities, some of which may be participated in by a member and some omitted, with consequent adjustment of fees, dues, or assessments to bring about some equivalence between the proportion of an individual's contributions and the benefits he receives. Taxpayer's *only* activity is to put on three dinner parties each year—two of which are followed by dancing and the other by club business. Membership in the club accorded one no other privilege than to attend these functions. If a member chose not to pay the $29.00 (which none did) then he apparently forfeited his privilege of attending at least two and probably all three functions of the club. It is therefore clear that such charges were "required to be paid * * * for the privilege of being a member of the club." 2 Treas.Reg. Section 49.4242–1 (1964).

There is no by-laws provision or other evidence to show that a member would be justified in withholding the $29.00 from his remittance to the club. That the "advance" may not have been legally enforceable or that the by-laws specified no sanction to compel payment, such as suspension of membership in the club, would not necessarily make the payments voluntary from the standpoint of federal excise tax on "dues." City Athletic Club v. United States, 242 F.2d 43 (2d Cir. 1957); Louisville Country Club v. Gray, 178 F.Supp. 915 (W.D.Ky.1959), aff'd. 285 F.2d 532 (6th Cir. 1960). The members were at least under a moral or social compulsion to make the payments, and as stated in City Athletic Club v. United States, supra, 242 F.2d at 44: "The remarkably fine response in the case at bar is a good example of how effective such sanctions can be."

An assessment is the "effective call for a definite contribution or payment from the members * * * as distinguished from a voluntary contribution or gift." City Athletic Club v. United States, supra, 242 F.2d at 44. It is difficult to understand how the provision in taxpayer's by-laws that an "advance of $29.00 *shall be collected*" can be anything less than an effective call for payment, i. e., an assessment. The purpose and effect of this provision is clearly to require payment of the $29.00 in the first instance. The theoretical (not exercised) right of refund provided for in the same article is premised upon payment.

Taxpayer's by-laws provide that the sum of $15.00 in the case of the Christmas dance, or $14.00 in the case of the Spring dance, shall be refunded to any member not attending said dance, provided such member notifies the secretary in writing 30 days prior to the dances of the fact that he will not attend. No member has ever requested such refund, and none has ever been paid. For the year 1961, the statement of income and expenses shows an excess of expenses over income of approximately $100.00. If 1961 is a typical year, and if many members requested refunds for non-attendance at a dance, the charges would have to be substantially increased.

The facts do not support taxpayer's contention that the $29.00 "advance" was allocated for food and drink and therefore should be treated as purchasing a meal, since both the $30.00 "dues" and the $29.00 "advance" were combined and entirely used to defray club expense.

Taxpayer relies heavily on the following cases to sustain his position: Gould v. United States, 187 F.Supp. 337 (D.C. Colo.1960); Albritton v. Phinney, 12 AFTR 2d 6338 (W.D.Tex.1963). Gould is distinguishable from the case at bar in that payments in Gould were not determined on an annual or other fixed basis, but flexible depending upon the expenses incurred each year, and the horseback ride was but one of many types of social activity engaged in by the club. Albritton is even less in point. A deposit of $10.00 was required of each club member to pay for his food and drink expenses in the club restaurant. No part of

the deposit was forfeited if not used. The quantity of food or drink consumed was up to each individual member, and the payments could not be said to constitute payment to defray club expenses. Compare: Boyden v. United States, 218 F.Supp. 220 (D.C.Mass.1963), where deposits for meals, forfeitable if not used, were held taxable dues.

Whether or not an excise tax is imposed in any case usually turns on its own peculiar facts. Fleming v. Reinecke, 52 F.2d 449, 80 A.L.R. 1293 (7th Cir. 1931), cert. denied 284 U.S. 689, 52 S.Ct. 266, 76 L.Ed. 582 (1932); Town Club v. United States, 68 F.2d 620 (8th Cir. 1934); Transportation Club v. United States, 17 F.Supp. 201, 84 Ct.Cl. 253 (1936); Two-Thirty-Three Club v. Welch, 2 F.Supp. 963 (D.C.Cal.1932).

On the peculiar facts of this case taxation results because the "advance" is an "assessment" and also a charge "for the privilege of being a member of the club."