### WELD v. NICHOLS, Collector.

(District Court, D. Massachusetts. December 30, 1925.)

No. 2589.

**1. Internal revenue ⬤⟿11—Amount paid by club member for optional privilege of playing golf, though for definite period, not taxable as "dues or membership fees."**

Charge paid by club member for optional privilege of playing golf, though for period of six months, is not taxable under Revenue Act 1924, § 501 (Comp. St. Supp. 1925, § 6309½e), as dues or membership fees; the term covering only fixed and definite charges, applicable to all members of each particular class of membership.

**2. Statutes ⬤⟿219—Practice of Treasury Department not conclusive on construction.**

Practice of Treasury Department, while entitled to weight, is not conclusive on construction of revenue statute.

At Law. Action by A. Winsor Weld against Malcolm E. Nichols, Collector. Judgment for plaintiff.

Felix Rackemann, Harrison M. Davis, and Dunbar & Rackemann, all of Boston, Mass., for plaintiff.

The United States Attorney and Marcus Morton, Jr., Asst. U. S. Atty., both of Boston, Mass., for defendant.

MORTON, District Judge. There is no controversy about the facts; they are covered by the stipulation, it being further agreed in open court that the plaintiff was a resident active annual member of the Brookline Country Club at the time when he paid the tax in question. The government admits that proper proceedings to obtain a refund were brought, and the refund was denied. The plaintiff paid his regular annual assessment, $125. He elected to avail himself of the privilege of playing golf, and paid the

9 F.(2d)—62

stated additional fee of $7.50 for that privilege for six months. It was on this sum that the tax of 75 cents was assessed.

[1] The section in question (section 501, Revenue Act of 1924 [Comp. St. Supp. 1925, § 6309½e]) imposes a tax on "dues or membership fees" exceeding $10, and the question is whether this payment was of that character. The expression "dues or membership fees" appears four times in this section, twice in the clause under consideration, clause (a) and twice in clause (b). In clause (b) it is used in defining the basis on which initiation fees are or are not taxed. In the last sentence of the section the word "dues" is used, apparently with the same meaning as the expression under consideration, as the basis on which life members are to be taxed. It seems clear that in clause (b) the words in question must refer to definite obligations incidental to membership in the club. Presumably the same expression is used in the same sense throughout the section. If so, the words "dues or membership fees," in clause (a), were meant to cover only fixed and definite charges applicable to all members of each particular class of membership. This seems to me to be the underlying intention of the section.

[2] It is said for the government that the language in question is practically a repetition of that of the act of 1918 (40 Stat. 1057) and is very similar to that of the preceding Revenue Acts; that under these acts the Treasury Department has for several years taxed charges like that here involved; and that Congress is presumed to have, in effect, approved the practice of the department by re-enacting the statute in the same language. The department by its regulations holds that the test of taxability is whether a privilege is obtained *for a period of time* by the payment of a fee. If it is, then the fee is regarded as taxable under this section. The practice of the department, while entitled to weight, is not conclusive on the construction of a statute. The question what the language means is eventually for the courts to determine. Moreover, the practice of the department is difficult to reconcile with the present contentions of the government, or with any definite principle of interpretation of this section. The department does not tax charges for golf by the day, nor for rooms by the week, or board by the week. The expression in the statute relied on by the department, viz. "for any period after such date" (i. e., the date when the act takes effect) does not, I think, refer to the character of the charges which are tax-

able. What is taxed is "dues or membership fees" for any period.

It follows that there should be judgment for the plaintiff.

So ordered.