McCAUGHN, Collector, v. WILLIAMS.

Circuit Court of Appeals, Third Circuit.
January 3, 1928.

No. 3639.

Internal revenue ⊜⟹2(3)—Statute imposing excise tax on membership in club held valid (Revenue Act 1921, § 801 [Comp. St. § 6309⅝b]).

A membership in a social club cannot be regarded for taxing purposes as property but as giving a right to share in the social features afforded by the club in the use of its property and facilities during continuance of the membership, whether a life or annual membership, and Revenue Act 1921, § 801, (Comp. St. § 6309⅝b), imposing an excise tax on such right or privilege, is valid.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Ira Jewell Williams against B. D. McCaughn, Collector of Internal Revenue. Judgment for plaintiff, and defendant brings error. Reversed.

For opinion below, see 17 F.(2d) 295.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and Ralph S. Scott and Alexander W. Gregg, both of Washington, D. C., for plaintiff in error.

Ira Jewell Williams, William Clarke Mason, and Francis Shunk Brown, all of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, Ira Jewell Williams brought suit and had judgment against the United States for income tax, alleged to have been wrongfully assessed against him and which he paid under protest. Thereupon the government sued out this writ of error, and the question involved is, Is a tax imposed annually upon a life membership in a social club a direct tax upon property and as such void as being unapportioned under article 1, §§ 2 and 9, of the Federal Constitution? About June 30, 1919, Mr. Williams became a life member of the University Club of Philadelphia on payment of the life membership fee of $750, and thereby and thereafter was excused from the payment of annual dues. While the club owns valuable real estate, it

is chartered by the state of Pennsylvania as a corporation, not for profit, but for social purposes. The tax in question was assessed by virtue of that provision which in section 801 of the Act of 1918 (Comp. St. § 6309⅝b), section 801 of 1921 (Comp. St. § 6309⅝b), and section 501 of 1924 (26 USCA § 872; Comp. St. § 6309½c), reads as follows: "In the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member, but shall pay no tax upon the amount paid for life membership"—and the decisive question is whether the present tax is one on property, as Mr. Williams contends, or an excise tax, as the government avers.

Although the tax here in question is small, the principle involved is important, and the case has been presented on both sides with great earnestness, and the paper books display a wealth of scholarly research which reflects credit on the counsel concerned. We shall not attempt to discuss these questions, but limit ourselves to stating our conclusions upon the crucial question to which all discussion finally centers, namely, whether the tax assessed against Mr. Williams was laid on his property. That the club owns valuable real estate and that Mr. Williams, as a member of the club, has a present proprietary interest in its property and in the event of its dissolution might participate in the distribution thereof among its then members is the fact. But such proprietary interest does not of itself determine the question, for it still remains to consider the question, What is the relationship of club membership toward the property of the club? The annual member as distinguished from a life member, so long as he pays his dues and remains in good standing, is entitled to share with other members in the use of the club's property for the social purposes for which it was chartered. The exercise of such social privileges constitutes the purpose which called the club into being, and its ownership of property is an incident to enable the club to carry out the social purposes of its creation. When the annual member ceases to pay his dues or for any reason ends his membership, the chartered social purposes of the club as to him ends, and perforce all right, share, or participation in its incident of property. He cannot by his own act sell his membership; it is not an asset; it does not survive the severing of his connection with the club, and equally with a life membership all rights to the club end with death. Seeing

then that membership of a club, while it involves a certain usufruct of property for social purposes and is to that extent an interest in its property of such a substantial sort that a club member cannot be unjustly expelled therefrom, yet, where substance is concerned, we are of opinion that membership of a club cannot be regarded for taxing purposes as property, but as a right to share in the social features afforded by the club in the use of its property and facilities. It is the exercise of this personal privilege of the member, annual by virtue of maintained continuity of annual dues, and anticipation and prepayment of all dues at once by a life member, which the federal statute, and rightly we hold, taxes.

So regarding, the judgment below must be reversed.