## MULTNOMAH ATHLETIC CLUB v. HUNTLEY, Collector of Internal Revenue.

### No. 11028.

District Court, D. Oregon. Dec. 9, 1930.

Carey, Hart, Spencer & McCulloch, of Portland, Or., for plaintiff.

J. W. McCulloch, Asst. U. S. Atty., of Portland, Or., and John R. Wheeler, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., for defendant.

BEAN, District Judge.

This is an action to recover $6,992.15, paid by the plaintiff under protest as taxes, on its life members, assessed and collected by defendant under the Revenue Acts of 1921, 1924, and 1926.

The plaintiff is a corporation organized in 1891 "to promote and develop the physical and mental capacity of its members." Its membership is classified into various groups, including honorary and life members. An honorary membership is for life, and is granted for distinguished service upon vote of the board of directors, without cost to the member. Life members are required to pay in advance a certain entrance fee. Both life and honorary members are entitled to all the privileges of the club without payment of dues.

During the period beginning October 1, 1923, and ending August 31, 1927, the tax in question was assessed and collected from life and honorary members of the plaintiff who

became such prior to the passage of the Revenue Act of 1917. The tax was paid under protest, and, upon refund being refused, this action was brought.

The applicable law provides: "There shall be levied, assessed, collected, and paid * * * a tax equivalent to 10 per centum [per annum] of any amount paid * * * as dues * * * (where the dues or fees of an active resident annual member are in excess of $10 per year) to any social, athletic, or sporting club or organization," and that "a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member, but shall pay no tax upon the amount paid for life membership." 42 Stat. 291, § 801; 43 Stat. 321, § 501; 44 Stat. 92, § 501 (26 USCA § 872 note).

█ █ The plaintiff apparently concedes that the tax may be legally assessed and collected from all persons who become life or honorary members of its organization after the passage of the Revenue Act of 1917 (40 Stat. 300), but it insists that the law has no application to those who became such prior to that date, although they are entitled to all the privileges of the club. But I am unable to appreciate the distinction. The tax is not on property nor on the amount paid for life membership, but an excise tax on the privilege to share in the facilities of the club. McCaughn v. Williams (C. C. A.) 23 F.(2d) 840. This right is accorded life and honorary members, regardless of when they became such. The law deals with an existing status, and was manifestly intended to, and does, impose a tax on all members entitled to the privileges of the club, whether they became such before or after the passage of the Revenue Act, or whether they are life or due paying members, or whether they avail themselves of the privileges or not. The tax is on the right to enjoy the privileges of the club, and it is immaterial whether this privilege is exercised or not. It is argued that the tax, in the instant case, is invalid, because substantially all the life members in question became such because of their interest in the plaintiff as a civic enterprise, and to aid in financing it, and not from a desire to make use of the privileges, and thereby had a fixed status at the time the law was passed, which they cannot terminate by resignation or relinquishment. The reason which prompted these persons to become members is, of course, immaterial, nor is it necessary to consider at this time whether they can relinquish their membership or withdraw from the club. The controlling fact is that they were members, entitled to the privileges of the club, at the time the tax was levied, and it is upon that privilege the tax is assessed and collected.

The demurrer is therefore sustained.