## MacLAUGHLIN v. WILLIAMS.

### No. 4554.

Circuit Court of Appeals, Third Circuit.

Sept. 24, 1931.

Paul Freeman, Asst. U. S. Atty., of Philadelphia, Pa., for appellant.

Ira Jewell Williams, Jr., Murray H. Spahr, Jr., and Francis Shunk Brown, all of Philadelphia, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

### PER CURIAM.

In the court below, Ira Jewell Williams, Esq., brought suit and recovered a verdict against the collector of internal revenue for the amount of an alleged unlawful surcharge of income tax. On entry of judgment, the collector took this appeal, and the question involved is whether the taxpayer, who became a life member of the Philadelphia Cricket Club in 1906 without liability thereafter for annual dues, was by the provisions of section 501 of the Revenue Act of 1926, as amended by section 413(a) of the Revenue Act of 1928 (26 USCA § 872), liable to pay the tax the law imposed: "In the case of life memberships a life member shall pay annually, at the time for the payment of dues by active resident annual members, a tax equivalent to the tax upon the amount paid by such a member * * * but shall pay no tax upon the amount paid for life membership."

The facts in the present case are substantially the same as in McCaughn v. Williams (C. C. A.) 23 F.(2d) 840, 841, certiorari denied, save that here the taxpayer was a life member before the Revenue Act of 1918 (40 Stat. 1057) was passed, while in the former case he became a life member after that act was passed. In that case we said: "The decisive question is whether the present tax is one on property, as Mr. Williams contends, or an excise tax, as the government avers," and, sustaining the latter contention, we said: "We are of opinion that membership of a club cannot be regarded for taxing purposes as property, but as a right to share in the social features afforded by the club in the use of its property and facilities. It is the exercise of this personal privilege of the member, annual by virtue of maintained continuity of annual dues, and anticipation and prepayment of all dues at once by a life member, which the federal statute, and rightly we hold, taxes." Seeing then that the present yearly enjoyment of the privileges of the club is what the statute taxes, the fact that Mr. Williams' membership antedated the passage of the taxing law in no wise excepts him from the payment of taxes imposed on the enjoyment of the privileges of the club after its passage, for in either case the tax is levied,

not upon membership, whether annual or life, but upon the exercise of the rights and privileges of both as they are annually enjoyed. Such being the case, no question of retroactivity is here involved.

It follows, therefore, judgment below is reversed, and the record remanded for procedure in due course in accordance herewith.