**KNOLL GOLF CLUB, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 48–59.

United States District Court
D. New Jersey.

Dec. 22, 1959.

Foosaner, Saiber & Schlesinger, by Norman E. Schlesinger, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., Raymond W. Young, Asst. U. S. Atty., North Bergen, N. J., (Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner, John F. Murray, U. S. Dept. of Justice, Washington, D. C., on the brief), for defendant.

HARTSHORNE, District Judge.

Plaintiff, Knoll Golf Club, sues for a refund of Federal excise taxes paid, over objection, by it to the defendant Government for the period from July 1, 1954 to December 31, 1956. These taxes were imposed on the fees paid for individual storage lockers used by Club members. The statute under which these taxes were imposed provides:

"there shall be levied, assessed, collected, and paid—

"(1) *Dues or membership fees.* A tax equivalent to 20 per centum of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year." Int.Rev.Code '39, § 1710, 26 U.S.C.A. 1952 ed. § 1710.

"(a) *Dues.* The term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days." § 1712, ibid.

The above provisions are repeated verbatim in the Internal Revenue Code of 1954, §§ 4241, 4242, 26 U.S.C.A. 1952 ed. Supp. II, §§ 4241, 4242.

The stipulated facts show that the plaintiff Club is a golf club with the usual accompanying social amenities, and maintains a golf course, swimming pool and club house for the use of its mem-

bers. The club house contains a lounge, dining room, bars and locker rooms for men and for women. In the men's locker room there are not only washrooms and the like, but tables and chairs for card playing, a bar, benches, open clothes racks, and an adequate number of lockers for individual use, to which a member renting a locker is given his own key. There are different classes of members, regular members paying annual dues of $300, the other members paying a lesser amount, the men paying locker fees of $100 apiece, the ladies' locker fees being smaller. The precise question is whether these locker fees are taxable as dues or membership charges under the above statute.

We therefore turn to the words of the Tax Act, in the light of its purpose, its legislative history, and its judicial gloss.

■ Clearly, the Congressional purpose in enacting these provisions was to impose a luxury tax. A similar tax has been imposed by the Federal Government since 1917, Rev.Act 1917, § 701, Chap. 63, 40 Stat. 300. But Congress did not attempt to define the terms "dues" or "membership fees" until 1928, when its enactment of Section 413 of that Act (Chap. 852, 45 Stat. 791) amended Section 501 of the Revenue Act of 1926 (Chap. 27, 44 Stat. 9) by stating that "the term 'dues' includes any assessment, irrespective of the purpose for which made." This last provision was included in the subsequent revisions of the Internal Revenue laws until 1941, when the language quoted above was adopted.

Both the above legislative history and the judicial gloss placed upon these statutes indicate that the amendments made by the Congress therein were enacted both to clarify and broaden its previous provisions. Note specifically that under the statute here applicable the taxable dues or membership fees are those paid "to *any* social, athletic, or sporting club or organization" (italics this Court's) if same exceed $10 per year. Note also that they include "*any* charges for social privileges or facilities, or for golf, tennis, polo, swimming or other athletic or sporting privileges or facilities" if for more than six days. (Italics this Court's.)

Turning to the judicial construction of these statutes, we find first the decision in the case of Weld v. Nichols, D.C. Mass.1925, 9 F.2d 977, which adopted a narrow and restricted construction of the Act then in force, as to which our highest Court in White v. Winchester Country Club, 1941, 315 U.S. 32, at page 40, 62 S.Ct. 425, at page 430, 86 L.Ed. 619, said:

"We reject the doctrine of the Weld case as being intrinsically unsound, and as having been demonstrated by subsequent cases to be unworkable in practice."

Similarly, and doubtless as a result of the same viewpoint of the *Weld* case on the part of Congress, the Congress adopted the amendment to the previous statute, as above indicated, for the purpose of clarifying and broadening its coverage.

Since the Act applies to membership clubs of social, athletic or sporting character, we must note the characteristics of such organizations and of their "social" or "athletic or sporting privileges or facilities", since it is on "any charges" therefor that such tax is laid. Thus, in *Winchester Country Club*, supra, the United States Supreme Court has held that "the nature of club activity * * * [connotes] the element of making common cause", as distinguished from an individual's paying independently the price of a single dinner or the cost of a single round of golf. "But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' if the payment is not fixed by each occasion of actual use." Ibid, 315 U.S. at page 41, 62 S.Ct. at page 430.

■ In Funk & Wagnall's Standard Dictionary of the English language, we find "facility" defined, among others, as "something by which anything is made easier or less difficult; an aid, advantage,

or convenience; usually in the plural, as *facilities* for travel." Thus, there can be no question but what a washroom on a train or a stateroom on a steamer is a "facility for travel." In the same dictionary, we find "privilege" defined as "a peculiar benefit, favor, or advantage, a right or immunity not enjoyed by all, or that may be enjoyed only under special conditions." Thus, every member of plaintiff Club is entitled to all privileges of membership for which he desires to pay, sex and age considered, including the right not only to the use of the lounge, dining room, and the bar of the Club house, but, if a regular member, to the general use of the golf course, swimming pool, and other facilities, and, if he desires it, the use of an individual locker upon the payment of an additional fee. Generally speaking, these individual lockers are usable for the safe storage of a member's golfing shoes and clothing during the interim between his use of the eighteen holes of the golf course, and also for the safe storage of that equipment generally used at the nineteenth hole. This locker is thus clearly "an aid, advantage or convenience," or "facility" for the sport of golf as well as for the later "social" or "sporting" privileges made available by the Club. As such these lockers come clearly within the meaning of the very words used by the Congress in the present Act, in order to clarify and broaden the terms of the older Act.

Obviously, the fee paid for these lockers is not one "fixed by each occasion of actual use." Obviously, these lockers aid and convenience normal club activities. Obviously, they are available for the use of the entire membership, the facts showing that, because many members do not use them, lockers have always been available for members. The fact that they protect the clothing, the golf equipment, the liquid refreshment of an individual member, makes them a facility of advantage to the golfer in carrying out either his athletic, his social, or his sporting proclivities. The very nature of these lockers requires that each be used individually, but their availability is common in that every member who desires a locker receives it on payment of the charge therefor. Clearly the Club could either include the locker charge in its membership fee or handle it separately as it chose. But, in either event, it is a membership "facility."

Finally, as *Winchester* says as to the *Weld* case, the law must not be so construed as to "be unworkable in practice." While this Court in no wise imputes any intent to the plaintiff Club, in making a member's locker cost him one-third of what he pays for his entire membership fee in the Club, it is easy to see how, if this locker were not held to be a taxable "facility," the membership dues of the Club could be so skeletonized, by the subtraction therefrom of the Club's charges for all its other conveniences, as to render the Act unworkable and to frustrate its basic intent. Since the charges for the lockers are taxable as a Club facility, judgment will go for the defendant Government.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law required by F.R.Civ. P. rule 52, 28 U.S.C.A.

An order may be entered accordingly.