**Randon PORTER, Jr., Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 19371.

United States Court of Appeals Fifth Circuit.

May 17, 1962.

Dwight H. Austin, Houston, Tex., Liddell, Austin, Dawson & Sapp, John H. Marshall, Houston, Tex., of counsel, for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, Washington, D. C., Woodrow B. Seals, U. S. Atty., Houston, Tex., Robert N. Anderson, Arthur E. Strout, and Melva M. Graney, Attys., Dept. of Justice, Washington, D. C., William B. Butler, Asst. U. S. Atty., for the United States.

Before TUTTLE, Chief Judge, and HUTCHESON and WISDOM, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Circuit Judge.

This is an appeal from a judgment in an excise tax case heard on stipulated and undisputed facts. The district court filed findings of fact and law in the form of a written opinion.[1] The excise taxes paid by the plaintiff for which refund is sought in this case were assessed and paid during the first half of the year 1958 in respect to certain boat slip rental charges made by the Houston Yacht Club

---

1. Porter v. United States, D.C., 197 F.Supp. 171.

of which he was a member. They were assessed as dues to the Club upon the basis of Sections 4241 and 4242 of the Internal Revenue Code of 1954, 26 U.S. C.A. §§ 4241, 4242.[2]

As shown in the opinion, the taxpayer was a regular dues paying member of the Houston Yacht Club, a social or sporting club within the meaning of Sec. 4241 I.R.C. of 1954. Club facilities include a club house, swimming pool, dining room, sleeping rooms, and a harbor with adjacent wharves and boat slips. These boat slips are of various sizes, and some are open while others are covered. All club members may use the available facilities, but any member who uses a slip for mooring his boat is charged for such use over and above regularly monthly dues. Rates for slips vary because of differences in size, covering, and location. Under arrangements between club members the charge made for use of slips is on a day-to-day basis at a daily rate and members are billed at the end of each month at a daily rate for the number of days the slip is used in that month.

The taxpayer began to use one of the club's slips on February 14, 1958. The charge was $1.22 per day. Except for occasional outings, none overnight, the taxpayer's boat was moored continuously at the slip from February 14, 1958, to June 30, 1958, a period of 106 consecutive days. [The amount for the final 30 days, charged on June 30, 1958, was not paid during the quarters herein litigated]

On August 7, 1959, excise taxes in the amount of $25.86 were assessed on the above charges for slip fees, and the taxpayer paid $27.60 under protest, the amount of the tax assessed plus interest. Suit for refund was filed in the United States District Court for the Southern District of Texas on August 8, 1960, and the court determined that the payments to the Yacht Club for the use of the boat slip were taxable as "dues" under the provisions of Sections 4241 and 4242 of the Internal Revenue Code of 1954. It is from this decision that the taxpayer has appealed to this court.

■ It is quite clear, we think, that only if Section 4241(1) the controlling statute, is to be construed literally may the result reached by the district judge be sustained. That it is not to be construed literally is settled by the clear, logical and forthright opinion of Mr. Justice Jackson in White v. Winchester Club, 315 U.S. 32, where at page 41, 62 S.Ct. 425, 86 L.Ed. 619, it is said:

> "Consideration of the nature of club activity is a necessary preliminary to the formulation of a test of what constitutes a 'due or membership fee.' So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' if the payment is not fixed by each occasion of actual use. Such was the case here, and we

2. "Sec. 4241 Imposition of Tax.
  "(a) Rate.—There is hereby imposed—
  "(1) Dues or Membership fees.—A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year.
  *  *  *  *  *

"Sec. 4242. Definitions
  "(a) Dues.—As used in this part the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; * * *."

therefore hold that the payments in question were subject to the tax." (Emphasis added.)

In the case at bar the assessment of the tax was not on monies paid for the right to repeated and general use of a common club facility where the payment was not fixed by each occasion of actual use. On the contrary, the payments here were specifically fixed by each occasion of actual use, and, under the controlling Winchester Club decision, the payments in question here were not subject to be taxed as dues. Any other result would be incongruous and wholly inconsistent with the nature of clubs and club dues for it would be, too, exactly contrary to the holdings and teachings of the Winchester opinion. It would be contrary, too, to the recent revenue ruling to the same effect to be found in Internal Revenue Bulletin of April 2, 1962. This is Revenue Ruling 62–46 and is reported in Par. 6137 CCH Standard Fed. Tax Reports.

If for the use of the slips the club had levied a general assessment or fixed charge on all the members, in exchange for which the right to use the slips would be shared by such members without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he received, and the amount of the payment had not been fixed by the actual use of the facility, the amount of such payment would have been taxable as dues. On the other hand, since the payment on which the tax was levied here was fixed by each occasion of actual daily use of the slip, the situation is contrary in its facts to that presented in the Winchester case and is ruled by this language in that case:

> "Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' *if the payment is not fixed by each occasion of actual use.*" (Emphasis added.)

Since in the case at bar the payment was fixed by each occasion of actual use, we hold that the payments in question were not dues and were not subject to the tax, and the judgment must be Reversed and Remanded with directions to enter judgment for the plaintiff-appellant.