M. K. HOKE et al.,

v.

UNITED STATES of America.

No. 2539.

United States District Court

S. D. West Virginia,

Feb. 15, 1963.

J. Campbell Palmer, III, Charleston, W. Va., for plaintiffs.

Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Harry G. Camper, Jr., U. S. Atty., Charleston, W. Va., for defendant.

FIELD, Chief Judge.

The taxpayer, J. Campbell Palmer, III, together with the other plaintiffs, instituted this action to recover certain excise taxes assessed and paid upon dues and fees incident to their membership in Sleepy Hollow Golf Club. The Government filed a motion to dismiss the original complaint herein which motion was granted by order entered January 10, 1962. That order extended to the plaintiffs the right to amend, and an amended complaint was filed on January 23, 1962,

to which the Government has filed its answer. Contending that there is no genuine issue of any material fact in regard to that phase of the action which seeks recovery for the tax assessed and paid for locker space in the club, the plaintiff, J. Campbell Palmer, III, has moved for partial summary judgment. The Government has filed its cross motion for summary judgment relative to this same aspect of the litigation.

It appears to me that no genuine issue exists with respect to any facts material to the disposition of these motions, and upon consideration of the motions the facts are found to be as follows: The taxpayer is a resident of West Virginia and Sleepy Hollow Golf Club is a nonprofit West Virginia corporation. The club maintains a golf course, swimming pool and clubhouse including locker room facilities near Hurricane in Putnam County, West Virginia. After erection of the clubhouse, Palmer agreed to rent from the club a space approximately $2 \times 2\frac{1}{2}$ feet, upon which he placed a locker purchased by him. An agreed annual rental was paid for this space, the rental paid to the club for locker space during the year 1956 amounting to $36.00. An excise tax was assessed on this payment on April 17, 1959, and taxpayer paid the assessment on May 13, 1959. Timely claim for refund was filed on November 20, 1959, and the taxpayer's claim was rejected by the Internal Revenue Service on May 4, 1960. Thereafter this action was instituted.

It would appear and, in fact, the taxpayer agreed upon the argument of this motion that the rental of space upon which to place a locker rather than the rental of a locker already installed is of no material significance on the basic question presented. That question is whether the amount paid as annual rental for a locker at the country club is properly subject to the excise tax imposed upon dues or membership fees under Section 4241 of the Internal Revenue Code of 1954 as defined in Section 4242 of that Code. Insofar as I can determine this question has been presented in only two

district court cases. The first is the case of Knoll Golf Club v. United States, D.C., 179 F.Supp. 377, and the second is Cohan v. United States, D.C., 198 F. Supp. 591. In the Knoll case, Judge Hartshorne pointed out that the definition of dues under the subject statute includes *any* charges for social privileges or facilities for golf, etc. He then analyzed the word "facility" as used in the statute and concluded that a locker is a facility incident to the "common cause" of the club activities, and since the rental was paid for the use of such facility for a period of more than six days the amount so paid was subject to the excise tax.

A similar conclusion was reached by Judge Feikens in the Cohan case. In upholding the excise tax upon the charges made to members for club lockers, he made the following observation (198 F. Supp. at page 600):

"All club facilities in the final analysis are used by individuals. It is in the ultimate fact that club members act in concert in the acquisition, ownership and management of club facilities and privileges and provide these facilities and privileges for use either to individual members as in the case of lockers \* \* \* or for use by groups of club members as in the case of a club's golf course or swimming pool that the rationale is found. The right to use a club facility or privilege sets the standard—the actual use for more than 6 days makes the charge therefor taxable."

In my opinion the courts in both Knoll and Cohan properly analyzed the statutory definition set forth in Section 4242 and correctly concluded that locker rentals under those circumstances were subject to the tax imposed by Section 4241. That same analysis and conclusion is appropriate upon the facts in the present case. Accordingly, the plaintiff's motion for summary judgment will be denied, and the motion of the Government for summary judgment will be granted.