W. Lincoln **BOYDEN**, Jr., Plaintiff,

v.

**UNITED STATES** of America, Defendant.

Civ. A. No. 62-460.

United States District Court
D. Massachusetts.

June 14, 1963.

---

Edward C. Thayer, Walter G. Van Dorn, Rackemann, Sawyer & Brewster, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., T. P. O'Connor, Asst. U. S. Atty., A. H. La-Force, II, Dept. of Justice, Edward S. Smith, David A. Wilson, Jr., Attys., Dept. of Justice, Washington, D. C., for defendant.

FRANCIS **J.** W. FORD, District Judge.

This is an action for the recovery of excise taxes paid by plaintiff which raises the single issue of whether certain restaurant deposit payments made by plaintiff as a member of The Tavern Club are dues subject to the tax imposed by § 4241(a) (1) of the Internal Revenue Code of 1954.

Plaintiff, a resident of Wenham, Massachusetts, is an active resident member of The Tavern Club, an organization incorporated under the laws of Massachusetts, which is a social club or organization within the meaning of § 4241 of the Code and not within the exemptions of § 4243.

As one of the facilities available to its members the Tavern Club maintains a restaurant on its premises where meals are served to members and their guests at prices comparable to those charged for meals of like quality at similar clubs in Boston.

In addition to an annual assessment of $145 per year which each member has to pay (and which plaintiff concedes constitutes dues) each active member is required by Article XI of the By-Laws of The Tavern Club to pay a restaurant deposit. This deposit through 1959 was $50 per year, and beginning with 1960 has been $50 for each six months, payable on January 1 and July 1 of each year. Plaintiff made payment of $50 for each of the periods April 1, 1959 to January 1, 1960, January 1, 1960 to July 1, 1960 and July 1, 1960 to January 1, 1961. Tax was not paid on these restaurant deposits until after a deficiency assessment had been made. Taxpayer then on February 20, 1962 paid a total of $33.34 representing a 20% tax on each of these payments, together with $3.34 in interest. Claim for refund was duly made and denied and taxpayer now seeks to recover this tax payment.

During the period covered by each restaurant deposit the prices of any meals ordered by a member at the club restaurant are charged against the deposit until the $50 is exhausted, and any further meals result in an additional charge to the member. If a member does not make sufficient use of the restaurant facilities during the period covered by the deposit to exhaust the $50 deposit, no part is returned to him but any unused portion is retained by the club as income. During the periods here involved fewer than half the members used up their full deposits. The amount of unused deposits forfeited to the club in the year 1960 was $6504.11. The purpose of the requirement of the restaurant deposit was to induce members to make greater use of the club's restaurant facilities, and to insure in any event increased revenue to the Club.

Article XIII of the by-laws provides that failure of a member to pay the annual assessment or the restaurant deposit within the time specified in the article

**222**

shall cause forfeiture of membership and thus shall deprive the member of all right in the property and assets of the Club. Failure to pay any other indebtedness to the Club under Article XII results only in posting of the member and denial of further credit until the indebtedness is paid.

The tax in question is imposed by § 4241(a)(1) which provides:

"(a) *Rate.*—There is hereby imposed—

"(1) Dues or Membership Fees.— A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year."

The term "dues" is defined by § 4242(a) as follows:

"(a) *Dues.*—As used in this part the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days; * * *."

■ In determining whether payments made by club members fall within the definition of dues, the substantial nature of the payment and not the name by which it is designated is controlling. Foran v. McLaughlin, 9 Cir., 59 F.2d 158. The tax on dues is essentially a tax on the right to enjoy the privileges of membership in a club, whether or not the right is actually exercised. Multnomah Athletic Club v. Huntley, 9 Cir., 47 F.2d 352.

The meaning of the phrase "dues or membership fees" was discussed in White v. Winchester Country Club, 315 U.S. 32, 41, 62 S.Ct. 425, 430, 86 L.Ed. 619, where the court said:

"Consideration of the nature of club activity is a necessary preliminary to the formulation of a test of what constitutes a 'due or membership fee.' So far as finances go, the fundamental notion of club activity is that operating expenses are shared without insistence upon equivalence between the proportion of an individual's contributions and the proportion of the benefits he receives. Thus, on the one hand, payment of the price of an individual dinner at the club dining room or of a single round of golf lacks the element of making common cause inherent in the idea of club activity. But, on the other hand, payment for the right to repeated and general use of a common club facility for an appreciable period of time has that element and amounts to a 'due or membership fee' if the payment is not fixed by each occasion of actual use. Such was the case here, and we therefore hold that the payments in question were subject to the tax."

The restaurant deposit here falls squarely within this concept of "dues or membership fees". The deposit is a payment required as a condition of continued membership, as a device for imposing on each member a minimum contribution as his share of the operating expense of maintaining a club activity. There was no necessary equivalence between the payment and the benefit received, since this payment had to be made whether or not the member ever availed himself of the use of the club restaurant.

■ It is true that the definition of dues now found in § 4242(a) has been changed in 1941 since the decision in the Winchester Country Club case, but this amendment merely broadened the scope of the definition so as to include certain fees and assessments not previously subject to the tax. H.Rep. No. 1040, 77th Cong., 1st Sess., p. 54. The definition as it now reads includes as dues "any charges for social privileges or facilities * * * for any period of more than six days." Clearly the right of a member to eat at a private restaurant maintained by the club on its premises for the use of its members is a social privilege or facility offered by the club. A required

non-refundable deposit covering a six-month period and not necessarily proportioned to the use of the restaurant made by the member is clearly a charge for a social privilege or facility within the meaning of the present language of § 4242(a).

The cases relied upon by taxpayer are clearly distinguishable. In Porter v. United States, 5 Cir., 303 F.2d 67, the rental fee charged to members of a yacht club for use of a boat slip was calculated at a daily rate for the number of days the slip was actually used, and hence was a charge imposed only on members who used a particular facility and in direct proportion to their use of it. In Gould v. United States, D.C., 187 F.Supp. 337, only those members who actually took part in an annual horseback ride paid the fee in question which amounted only to each one's share of the actual expenses of the trip. A part of the estimated fee had to be paid in advance but this could be refunded if a member gave due notice that he would be unable to participate in the trip as planned. Moreover, membership in the club was in no way conditioned on participation in the ride and no payment toward the expenses of the ride was required of members who did not wish to participate in it.

Taxpayer contends that in any event only that portion of the deposit which remains unused at the end of the six-month period and is forfeited to the club should be considered dues. There is nothing in the statute which affords any basis for holding that a charge for privileges and facilities is to be considered dues only to the extent it exceeds the fair value of the use actually made by the member of the facility in question. The whole charge is considered dues, regardless of the extent of the benefit received. The basis for the tax here is not that the club may in some cases receive "hidden dues" by collecting from some members more than the fair value of the food consumed by them. The basis is that the payment here is one required as a condition for the retention of membership in the club, and must be paid regardless of the extent of the use made by the member of the club's restaurant facilities. As such, the whole payment when made is dues or a membership fee subject to the 20% tax imposed by § 4241(a). Its character is not changed by the fact that the member may subsequently obtain his full money's worth by use of the club's facilities.

Judgment will be entered for the defendant.