John R. JOHNSTON

v.

UNITED STATES of America.

Civ. A. No. 63–969.

United States District Court
D. Massachusetts.

March 27, 1964.

John R. Johnston, Boston, Mass., pro se.

Robert F. Sama, Dept. of Justice, Washington, D. C., W. Arthur Garrity, Jr., U. S. Atty., Murray F. Falk, Asst. U. S. Atty., Boston, Mass., for defendant.

WYZANSKI, District Judge.

This case comes before the Court on a stipulation of facts and each party's motion for summary judgment. The question is whether a fee paid by plaintiff taxpayer to a social club as a condition precedent to participation in the club's bowling league competition is subject to the tax imposed by § 4271 of the Internal Revenue Code of 1954.

From July 1, 1961 through June 30, 1962 taxpayer was a member of the Maugus Club of Wellesley. He paid the annual club membership dues of $67.50 plus a federal excise tax thereon of $13.50. The club organized two bowling leagues which bowl 26 times during the year between September 18 and May. Each league is limited to married couples, each of whom pay $40 per year. The alleys are for the exclusive use of league members at certain stipulated times. The question is whether the $40 fee, which is a condition precedent to a member participating in the league competitions, becoming eligible for certain club bowling prizes, and being admitted to certain dances and other social events, constitutes dues as defined in § 4242(a) of the Internal Revenue Code of 1954, and made taxable by § 4241(a) of that Code.

Those two sections read as follows:

"§ 4242. Definitions

"(a) Dues.—As used in this part the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, *for any period of more than six days*; and"

"§ 4241. Imposition of tax

"(a) *Rate.*—There is hereby imposed—

"(1) *Dues or membership fees.*— A tax equivalent to 20 percent of any amount paid as dues or membership fees to any social, athletic, or sporting club or organization, if the dues or fees of an active resident annual member are in excess of $10 per year.

"(2) *Initiation fees.*—A tax equivalent to 20 percent of any amount paid as initiation fees to such a club or organization, if such fees amount to more than $10, or if the dues or membership fees, not including initiation fees, of an active resident annual member are in excess of $10 per year.

\* \* \* \* \* \*

"(b) *By whom paid.*—The taxes imposed by this section shall be paid by the person paying such dues or fees, or holding such life membership."

In implementation of § 4242, Treasury Regulations 49.4242–1(a) [26 C.F.R. § 4242–1] provides:

"§ 49.4242–1. *Definition; dues or membership fees.*

"(a) *In general.* The term 'dues or membership fees', as used in the regulations in this part, means all charges made by a social, athletic, or sporting club or organization which are commonly understood to constitute dues or membership fees, as well as all other charges required to be paid to such a club or organization for the privilege of being a member of the club or organization or a member of a particular membership class. The term also includes—

"(1) Any assessment made by a social, athletic or sporting club or organization, irrespective of the purpose for which made, and

"(2) All charges made by a social, athletic, or sporting club or organ-

ization for (i) social privileges or facilities for any period of more than 6 days (whether or not consecutive), or (ii) golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities for any period of more than 6 days (whether or not consecutive).

"In determining whether a charge by such a club or organization constitutes dues or membership fees within the meaning of subparagraph (2) of this paragraph, the test is whether payment of the charge confers the right to use a social, athletic, or sporting privilege or facility of the club or organization for the prescribed period. It is immaterial whether the privilege or facility is one for which a charge is mandatory, even though the member chooses not to avail himself of the privilege or facility, or whether the privilege or facility is one for which a charge is made only if the member, at his own election, chooses to have the privilege or facility made available to him. Any privilege or facility offered by a social, athletic, or sporting club or organization which is so directly related to a social, athletic, or sporting activity in which the club is engaged, or for which it was created, as to partake of the nature of the activity itself is considered to be a social, athletic, or sporting privilege or facility. This is true even though such privilege or facility, if considered entirely apart from any social, athletic, or sporting activity, would not in and of itself constitute a social, athletic, or sporting privilege or facility. (However, see Section 49.4243–2 for the exemption provided in respect of amounts paid for certain capital improvements.)

\*    \*    \*    \*    \*    \*

"*Example (4)*. A club qualifying as a social, athletic, or sporting club owns and operates various social, athletic, or sporting facilities, including a swimming pool, for the use of its members. Members who wish to use the pool may do so under one of the three plans offered by the club. Under plan A, a payment of $30 entitles the member to the use of the pool on each day of the week from Monday through Friday for the 15 weeks of the swimming season. Under plan B, a payment of $35 entitles the member to the use of the pool on Saturday and Sunday of each of the 15 weeks. Under plan C, a payment of $40 entitles the member to the use of the pool every day during the 15 weeks of the swimming season. Only plan C confers a right to the use of the pool for more than 6 consecutive days. However, both plan A (which confers the right to the use of the pool for a period of 75 cumulative days) and plan B (which confers the right to the use of the pool for a period of 30 cumulative days) confer a right to the use of the pool for a period of more than 6 days within the meaning of section 4242(a). Therefore, the charges made under plan A and plan B, as well as those made under plan C, constitute dues or membership fees."

That the statute as implemented imposes a tax upon the $40 charge is clear from relevant precedents. White v. Winchester Club, 315 U.S. 32, 62 S.Ct. 425, 86 L.Ed. 619; Boyden v. U. S., D.C. Mass., 218 F.Supp. 220; Hoke v. U. S., S.D.W.Va., 215 F.Supp. 942. There is no doubt that on the facts stipulated in this case that the right of the taxpayer to use the bowling facilities on 26 specific occasions constitutes repeated and general use within the meaning of the Winchester case. Nor does it matter that not all members of the Maugus Club are members of the bowling leagues, or that payment of the $40 fee is not a condition precedent to membership in the club. Nor is it significant that the tax-

payer's right to use the bowling alleys is not on six consecutive days. See Knoll Golf Club v. U. S., D.N.J., 179 F.Supp. 377, 380.

Defendant's motion for summary judgment granted. Plaintiff's motion for summary judgment denied.