**M. K. HOKE, J. W. Moody, J. Campbell Palmer III, Robert L. Elkins, John D. Gift, H. K. Miller, Paul T. Bricker, Paul T. Arbuckle, J. E. Hulshizer, and W. Elliott Abbitt**

v.

**UNITED STATES of America.**

**No. 2539.**

United States District Court
S. D. West Virginia,
Charleston Division.

Sept. 12, 1967.

J. Campbell Palmer III, Charleston, W. Va., for plaintiffs.

Mitchell Rogovin, Washington, D. C., Milton J. Ferguson, Charleston, W. Va., for defendant.

FIELD, Chief Judge.

This case was instituted by the taxpayer, J. Campbell Palmer III, together with the other plaintiffs, to recover certain excise taxes assessed and paid on dues and fees incident to their membership in Sleepy Hollow Golf Club.

On cross motions for partial summary judgment, the question was presented whether the amount paid to the golf club as annual rental for a locker was properly subject to the excise tax imposed upon dues or membership fees under Section 4241 as defined in Section 4242 of the Internal Revenue Code of 1954. By ruling dated February 15, 1963, D.C., 215 F.Supp. 942, I held that such locker rentals were subject to the excise tax imposed by Section 4241, and indicated that the Government's motion should be granted and the plaintiff's motion denied.

■ Plaintiff, Palmer, filed a petition for rehearing and the question was further briefed by counsel. In the meantime other facets of the case came on for consideration, and the disposition of the petition for rehearing has remained in abeyance. In my original ruling I relied primarily on the case of Knoll Golf Club v. United States, 179 F.Supp. 377 (D.N.J. 1959). This case has been followed in two recent cases. Boots and Saddles, Inc. v. United States, 269 F.Supp. 274 (E.D. Mich.1967), and Gearhart v. United States, 269 F.Supp. 309 (E.D.Va.1967). In the latter case Judge Hoffman distinguished the case of Gould v. United States, 187 F.Supp. 337 (D.Col.1960), aff'd per curiam, 296 F.2d 740 (10th Cir. 1961), relied upon by plaintiff in his brief on rehearing. In my opinion *Gould* as well as Porter v. United States, 303 F.2d 67 (5th Cir. 1962), cited by plaintiff, is inapposite to the facts presented here, and under the circumstances I see no reason to change my position from that stated in my letter of February 15, 1963.

*Sleepy Hollow Golf Corporation Stock*

The second phase of this case involves the question of the validity of the assessment of the federal excise tax on stock purchased by the several plaintiffs in Sleepy Hollow Golf Corporation (hereinafter called the "Corporation") as well as the application of the excise tax to a special assessment paid by plaintiffs to the Corporation subsequent to their purchase of stock therein. On this issue also the plaintiff, Palmer, and the Government have filed cross motions for summary judgment.

It appears that Sleepy Hollow Golf Club, Inc., a corporation, was organized on July 9, 1930, and operated a club on leased land with about 100 dues-paying members. On April 14, 1954, the name of the corporation was changed to Sleepy Hollow Golf Corporation with an authorized capital stock of 1,000 shares of no-par value. The purpose of this corporation was to purchase land and buildings to be leased to a social club, Sleepy Hollow Golf Club (hereinafter called the "Club"). The club was organized on May 21, 1954, with a limit of 400 family memberships.

The shares of the Corporation sold for $300 each and were freely transferable. Some individuals who had paid in money to the old club were given a credit of $100 and, accordingly, purchased their stock in the Corporation at $200 per share. The by-laws of the Club specifically provide that ownership of a share of stock in the Corporation is not a prerequisite to membership in the Club. The regular dues of the Club are fixed, but, however, it is provided that any member not owning stock in the Corporation must pay an additional $30 in dues per year. In effect, of course, the result is that each of the plaintiffs enjoyed Club membership by the payment of $30 less in annual dues than those members who owned no stock in the Corporation.

■ The threshold controversy developed in regard to the standing of one of the plaintiffs, Robert L. Elkins, as a litigant in this case. It appears that share #276 of the Corporation was issued in the name of Elkins on August 2, 1955, with the notation on the certificate that it had been purchased by J. C. Palmer III and issued in the name of his associate Elkins. It further noted that Palmer reserved the right to transfer this stock to himself or any other party without offering it for sale to the Club. It is my conclusion that under these circumstances Elkins was a proper party plaintiff in this case seeking recovery of the excise tax which had been assessed against him as the party to whom this

758

stock had been issued. This conclusion is reached because in my opinion the incidence of the excise tax is upon the use of the stock in the Corporation relative to membership in the Club. If the imposition of the excise tax is appropriate, it would make no difference whether Elkins obtained the stock by purchase, gift or otherwise.

This threshold question, however, becomes academic in view of my conclusion with respect to the substantive aspect of the case. In my opinion the factual situation in the present case is not at all dissimilar to that which was considered by the late Judge Watkins in the case of Edgewood Country Club v. United States, 204 F.Supp. 508 (S.D.W.Va.1962) aff'd per curiam, 310 F.2d 379 (4th Cir. 1962). In his opinion Judge Watkins adverted to a 1922 Treasury Department interpretation of the application of such a tax which stated (*inter alia*):

> " ' * * * In other words, it is not material to the application of the tax that payment be a prerequisite to all classes of membership in the club. The essential question is whether such a payment is made as a prerequisite for any type of membership therein.' "

Judge Watkins went on to observe that this interpretation had long remained unchanged and accordingly was entitled to implied Congressional approval.

■ My conclusion in the present case is the same as that reached in the *Edgewood* case, that is, that the plaintiffs herein were in a separate class of membership in the Club by reason of their ownership of stock in the Corporation, and that it logically follows that payments for such stock are properly taxable as initiation fees under the Sections of the Internal Revenue Code here in question.

Accordingly it is my conclusion that the motions for partial summary judgment of the plaintiffs should be denied and that the cross motions for summary judgment of the Government should be granted. The granting of these motions appears to me to be dispositive of the is-

sues raised in this case, and accordingly counsel for the Government may prepare an appropriate order incorporating this ruling as well as my ruling of February 15, 1963, by reference therein.